Barnes *v.* Roemer *et al.*

---

## BARNES *v.* ROEMER ET AL.

RECORD.—*Process.—Bill of Exceptions.*—The summons and the return of service thereof should, without any order of court or bill of exceptions, be part of the record, in cases tried on default of appearance.

SUPREME COURT.—*Evidence.*—*Presumption.*—The evidence not being in the record on appeal, the Supreme Court will presume it supported the finding and judgment of the court below.

SAME.—Where the judgment is for too large a sum, the application must be made first to the court below to correct it, or the Supreme Court will not examine the question.

APPEAL from the Grant Circuit Court.    ·

PETTIT, J.—This suit was brought by the appellees against the appellant, on two promissory notes, with stipulations in them to pay attorney's fees and all expenses of collection. The summons, service, and return are all properly in the transcript.    The defendant was defaulted, and the cause submitted to the court; finding and judgment for the plaintiffs for four hundred and twenty-nine dollars and ninety-nine cents, which included the amount of the notes and interest due thereon, and thirty-nine dollars and nine cents for attorney's fees and expenses.    Bail for the stay of execution was put in, and afterward a new departure was taken by bringing this appeal.    The errors assigned are, "first, the process in said cause is not made a part of the record, by order of the court or otherwise; second, the judgment rendered is for a much larger sum than is due on said notes; third, the complaint does not authorize judgment for more than said notes, and it is for a much larger sum."

To the first assignment of error, it is enough to say that the process, service, and return are in the record as they always should be in case of default, without any order of the court or bill of exceptions.

As to the second assignment of error, it is a sufficient answer to say that the evidence is not in the transcript, and we cannot see what it showed as to attorney's fees and other expenses, but must presume that it warranted the finding and judgment.

As to the third assignment of errors, we will say that the complaint fully and clearly warranted a judgment for more than the face of the notes and interest.

If the judgment was too large, the party aggrieved should have made application to the court below to modify or cor-

rect it, before an appeal to this court. This doctrine has been uniformly held by this court. 1 Abbott Ind. Dig. 45, secs. 228, 229, and the collection of cases there cited. We cannot fail to see that this case has been brought here for delay merely, and not to correct any wrong or error committed by the court below, and in such case we feel it to be our duty to add the highest per cent. allowed by law.

The judgment is affirmed, with ten per cent. damages, at the costs of the appellant.

*J. Brownlee* and *H. Brownlee,* for appellant.

*A. Steele* and *R. T. St. John,* for appellees.