## STANLEY ET AL. *v.* SCHULTZ.

EVIDENCE.—*Husband and Wife.*—In an action of replevin against a married woman, her husband is not a competent witness to testify as to his purchase of the property sought to be recovered, and his sale of it to the plaintiff, or to rebut testimony tending to show a gift of the property to the wife.

From the Cass Common Pleas.

*S. T. McConnell* and *M. Winfield,* for appellants.

WORDEN, C. J.—This was an action of replevin for a piano, by the appellee against the appellants.

Issue, trial, verdict, and judgment for the plaintiff, the defendants having taken the proper steps to save the questions hereinafter stated.

Mrs. Beach was the real party defendant in interest, Stanley being the sheriff of the county, and having the piano in his possession by virtue of a writ of replevin, at the suit of Mrs. Beach against another party. The material question involved related to the title to the instrument.

It appeared that James R. Beach, the husband of Louisa, in May, 1869, purchased the piano of a dealer. Back of that purchase it is unnecessary to go. It may be inferred that Mrs. Beach was present at the purchase, and selected the piano.

Mrs. Beach, to support her title, offered and gave in evidence the following paper, signed by her husband:

"LOGANSPORT, IND., October 29th, 1869.

"Three I. carpets, four stoves, four bedsteads, two washstands, one bureau, four matresses and bedding, three looking-glasses, two sofa lounges, one set of sofa chairs, one set of wooden chairs, two tables, three stands, one marble center-stand, one whatnot, one piano, one horse, one buggy, one harness. I hereby give the within lot of articles to my wife, L. Beach. (Signed)    JAS. R. BEACH."

Mrs. Beach testified to the circumstances of the alleged gift, the piano mentioned in the above writing being the one in controversy.

On or about the 7th or 8th of December, 1870, James. R. Beach, while his wife was absent, sold the piano to the plaintiff, Schultz.

On the trial, the plaintiff proved by James R. Beach the facts, in substance, of his purchase of the piano and his sale of it to the plaintiff. This testimony was objected to, as coming from the husband of the defendant Louisa, but the objection was overruled, and exception.

We are inclined to the opinion, that the court erred in permitting the husband of the defendant Louisa to testify to these matters as against her. Husband and wife are incompetent to testify to matters for or against each other. 3 Ind. Stat. 560, sec. 2.

The facts testified to by the husband of Louisa made out the case *prima facie* against her, so far as the question of title was concerned. Had there been no other evidence given except that Louisa detained the property, the plaintiff, for aught that we can see, would have been entitled to recover ; for it showed, *prima facie*, that the title was in the plaintiff.

It can hardly be said that these matters were not against the wife. But this point need not be definitely decided, as the judgment will have to be reversed on account of the introduction of further evidence by the same witness.

After the defendants had closed their evidence, the plaintiff in rebutting proved by Beach, over the objection and exception of the defendant, as follows:

"Ques. I will ask you what you know about delivering that paper (exhibiting the paper above set out), duly executed, to Mrs. Louisa Beach ?

"Ans. One evening, along in the month of February, 1870, I came home from my office about eleven o'clock at night (ten or eleven, it might have been after eleven or before), and she was up and *cappie*," (what this term was intended to signify we have not learned), "waiting for me. I came in and sat down and pulled off my boots, preparatory to going to bed, and she commenced on me in this way : Said she, 'I have been to the clerk's office, and find that you have given

your household goods to Mrs. H——;' I laughed; 'that can't be; I have done nothing of the kind;' said she: 'I know you have; I know you intend to; I have got a paper here, a list of articles drawn up, and if you will sign it, it will convince me such is not the case;' and I said I didn't think it was necessary to be convinced; I picked up a newspaper, and commenced reading; she snatched the newspaper out of my hands, and insisted upon my signing the paper; I looked at it again, and asked her who drew it up; she said, 'a friend;' I said, 'who?' she would not tell me; I said, 'if I want to give my property to you or any one else, I can execute my own papers;' she said, 'sign it;' said I, 'what do you want here?' here it is, right here (witness reads); she said she wanted that written there; well, I wrote it there." (This, we infer, was the signature of the witness.) "Then she said, 'add in it, by love of your child, Capitola C. Beach;' said I, 'that is all you want?' she reached to take it away, and, as she did so, said: 'I have got you where I want you;' I grabbed it, tore it in two, and threw it on the floor; after that I never saw it until to-day. I left her in March, afterward."

This evidence was, as we think, incompetent. It tended to controvert the alleged gift of the property by the witness to his wife, inasmuch as it tended to show that the paper in question was never delivered by him to her, and therefore it tended to defeat her claim of title to the property. These were matters against his wife, to which the witness could not testify.

We are not called upon to consider any question in respect to the effect of a gift by a husband to the wife, as against a subsequent purchaser from the husband. The question before us is solely as to the competency of evidence. For the error above specified, the judgment below will have to be reversed.

The judgment below is reversed, with costs, and the cause remanded for a new trial.