## BROWN *v.* NORTON.

WITNESS.—*Husband and Wife.*—Since the taking effect of the act of March 15th, 1879, Acts 1879, p. 245, husband and wife are competent witnesses for or against each other, in all actions, civil or criminal, to which either of them is a party, " except as to communications made to each other during marriage ; " and in an action by the husband, for the seduction of the wife, she is not a competent witness.

From the Bartholomew Circuit Court.

*F. T. Hord* and *W. B. Hord,* for appellant.

*W. F. Norton,* for appellee.

Scott, J.—This was an action in the court below, by the appellee, against the appellant, upon an account for work and labor done by appellee for appellant.

There were ten paragraphs in the answer. The first was the general denial. The ninth alleged an oral contract to do the work for the sum of two hundred and seventy-five dollars, and partial payment thereon. Issues were made ; trial by jury ; verdict for plaintiff ; motion for a new trial overruled ; exception ; and judgment on verdict.

. On the trial, the appellant offered his wife as a witness to prove the contract as set out in the ninth paragraph of his answer, and the court refused to allow her to testify, because she was the wife of the appellant. This decision

of the court was excepted to by appellant, and assigned as cause for a new trial.

The refusal of the court to grant a new trial is assigned, by appellant, in this court, as error.

The trial was on the 14th day of October, 1879. The act of March 15th, 1879, amending the act of March. 11th, 1867, was in force at the time of the trial. Acts 1867, p. 225 ; Acts 1879, p. 245.

Under these acts, husband and wife are competent witnesses for or against each other, in all cases except two : Neither can testify to communications made to the other during marriage, unless with the consent of the party making such confidential communications. The other exception is, "That in suits by the husband for the seduction of the wife, the wife shall not be a competent witness." *Hutchason* v. *The State, post,* p. 449.

It follows, therefore, that the court erred in excluding the testimony of the appellant's wife.

The judgment is reversed, with costs, and the cause remanded for a new trial.