HUTCHASON *v.* THE STATE.

WITNESS.—*Husband and Wife.—Criminal Law.*—Since the taking effect of the act of March 15th, 1879, Acts 1879, p. 245, a husband and wife are competent witnesses for or against each other, in all civil actions or criminal prosecutions against them or either of them, " except as to communications made to each other during marriage ; " and, in an action by the husband, for the seduction of the wife, she can not testify.

From the Spencer Circuit Court.

*C. H. Mason* and *L. D. Abbott*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

WORDEN, J.—The appellant, Merritt Hutchason, was indicted jointly with Azariah Ray, for arson, committed by burning some stacks of wheat and hay, the property of Samuel Gilman.

Upon trial before a jury, the appellant was convicted, and judgment was rendered against him, over his motion for a new trial.

The only question raised is whether the court erred in not granting a new trial.

The reasons filed for a new trial were the following :

" 1st. Because the court admitted the illegal testimony of Mrs. Mittie Hutchason, wife of said defendant, on the trial of this cause, over the objection of the defendant.

" 2d. Because the verdict is contrary to the evidence."

The counsel for the appellant have, in their brief, discussed the competency of some other testimony admitted in the cause, but, as its admission was not included in the causes assigned for a new trial, no question upon its admission can arise here.

We proceed to the causes assigned in the motion for a new trial.

Mrs. Hutchason, the wife of the defendant, was called upon by the State, and permitted to testify, as a witness in the cause, over the objection and exception of the appellant. In this no error was committed.

The 1st section of the act of March 11th, 1867, 2 R. S. 1876, p. 132, provides, " That every person of competent age, may be a witness in any civil or criminal cause or proceeding, and no person shall be disqualified as a witness by reason of interest in the event of that or any other action, or because such person is a party in said action or proceeding other than criminal," etc.

This provision, standing alone, is broad enough to make husband and wife competent witnesses for or against each other in all cases, and to make parties competent in cases other than criminal. It may be observed that a subsequent law, Acts 1873, p. 227, makes it competent for the defendant in a criminal prosecution to testify in his own behalf.

But the 2d section of the act of March 11th, 1867, materially modified the 1st, in respect to the competency of certain persons, as insane persons, children, husband and wife in certain cases, and in respect to certain evidence, as confidential communications between attorney and client, physician and patient, clergy and laity. But the 2d section of the act was amended in 1879, see Acts 1879, p. 245, and we set out enough of the amended section to develop the point here involved, as follows :

" Persons insane at the time of examination ; children under ten years of age and incapable of properly understanding the facts about which they are examined ; attorneys at law as to confidential communications from a client, or advice given to such clients ; physicians as to matters confided to them in course of their profession ; clergymen concerning confessions made to them in course of discipline enjoined by the church ; husband and wife as to communications made to each other during marriage shall not, in any case, be competent witnesses, unless with the consent of the party making such confidential communications : *Provided*, That in suits by the husband for the seduction of the wife, the wife shall not be a competent witness."

It is thus seen that the 1st section of the act of 1867 made the husband and wife competent witnesses for or against each other, except so far as it was modified by the provisions of the 2d section ; and the 2d, as amended, only modifies the 1st, in respect to husband and wife, to the extent of excluding their testimony " as to communications made to each other during marriage," and the testimony of the wife in suits by her husband for her seduction. In all other cases, and in all other respects, the statute has made husband and wife competent witnesses for or against each other. The legislative intent is so apparent, and the language of the statute so explicit, that no room exists for construction or doubt.

Mrs. Hutchason did not testify to any communication made to her by her husband.

The case, it seems to us, was not made out so satisfactorily as might be wished ; yet we can not say that the evidence, which we have carefully read, was not sufficient to satisfy the mind, beyond a reasonable doubt, of the appellant's guilt.

The judgment below is affirmed, with costs.