Todd *et al. v.* Jackson.

No. 7893.

## TODD ET AL. *v.* JACKSON.

PARTNERSHIP.— *Ostensible Members of Firm.*—*Silent Partner.*—*Liability for Acts of Partner.*—*Conversion.* — *Evidence.* —Evidence, that property was received by one member of a partnership, under an agreement to sell it, for a commission of "what was right," with property of the firm, and was by him mingled and sold with it, and the proceeds converted to his own use, such agreement being fairly within the scope of the business of the firm for years, and within the knowledge of the other members of the firm, ostensible and silent, supports a verdict and judgment against them for such conversion.

SAME.—*Scope of Partnership Business.*—*Instruction.*—On trial of an action against the firm for such conversion, it is not error to refuse to instruct the jury that, "In determining what comes within the scope of the partnership business, when there is a doubt about it, the rule which determines it rests upon the necessity of the case."

SAME.—*Notice.*—*Contract.*—Where an agreement is in relation to a matter fairly within the scope of the partnership business, and made with a member of the firm, such agreement is binding on the firm in the absence of any evidence tending to show that the party contracting with such member had notice or knowledge that the contract was not, as it appeared to be, within the scope of the business of the firm.

SAME.—*Innocent Persons.*—*Cause or Occasion of Loss.*—Where one of two innocent persons must suffer by the act of a third person, he must suffer who has been the cause or occasion of the confidence and credit reposed in such third person.

PRACTICE.—*Supreme Court.*—*Assignment of Errors.*—Causes for a new trial can not be assigned in the Supreme Court as independent errors.

From the Wabash Circuit Court.

*C. Cowgill, H. B. Shively, C. E. Cowgill* and *W. G. Sayre,* for appellants.

*J. D. Conner* and *J. D. Conner, Jr.,* for appellee.

HOWK, C. J.—This case is now before this court for the second time. The opinion and judgment of this court in the cause, when it was first here, are reported under the name of *Jackson* v. *Todd,* 56 Ind. 406. On that appeal the judgment below was reversed, and the cause was remanded for a new trial. Without any substantial change in the issues, the new trial of the case, by a jury, resulted in

Todd *et al. v.* Jackson.

a verdict for the appellee, the plaintiff below, and the appellants' motion for a new trial having been overruled, and their exception saved to this ruling, the circuit court rendered judgment on the verdict, and from this judgment the appellants, the defendants below, now prosecute this appeal in this court.

The appellants have here assigned as errors all the rulings of the trial court, adverse to them, but their learned counsel have, in argument, virtually waived all the errors assigned, except the last three, which were, in substance, as follows:

"7th. The court erred in refusing to give the instructions asked by defendant Todd;

"8th. The court erred in giving the charges it did give, on its own motion, to the jury;

"9th. The court erred in overruling the motion for a new trial."

Before proceeding to the consideration of any of the questions presented and discussed by the appellants' counsel, it is necessary to a proper understanding of those questions, and of our decision thereof, that we should give in this connection a brief statement of the facts of the case, as the same are shown by the record. In the opinion of the court in this cause, when it was first here, we gave a very full statement of the case, as made by the pleadings and evidence, and to that we now refer. *Jackson* v. *Todd, supra.* But it has seemed to us that this opinion would hardly be intelligible if we did not give therein a summarized statement of the facts of the case, substantially as given in the former opinion, as follows:

On, and for some years before, November 11th, 1873, the appellants, the defendants below, were, and had been, partners in business at the town of Lagro, one branch of their business being the buying of fat hogs and shipping them to a market. The appellants Todd and George W. Wright were the ostensible members of the firm, and the appellant Harvey

Wright was a silent partner, not known as such to the appellee, Jackson, until after the commencement of this suit. For some days immediately preceding November 11th, 1875, the appellee had endeavored to sell his fat hogs, which he had on hand, to the firm of Todd & Wright, but he was unwilling to sell for the price they offered. Finally, it was agreed by and between the appellant George W. Wright and the appellee, that Todd & Wright would receive the appellee's hogs and ship them with their own hogs, then on hand, and that the appellee would pay them therefor "what was right."

This agreement was made on the 8th day of November, 1875, and on the 11th day of the same month the appellee delivered his hogs to Todd & Wright, at their place of business, in Lagro, for shipment by them to Buffalo, New York, with the knowledge of the appellant Todd, who was present at the time and place of such delivery. The hogs of the appellee, on the day of their delivery at Lagro, were shipped by the appellants, Todd & Wright, with their own hogs, in the same railroad cars, to said city of Buffalo. The appellant George W. Wright went with the hogs to said city of Buffalo, and there sold them, and, after receiving the proceeds of such sale, absconded with the money, and had never accounted for or paid any part of said money either to his co-partners or to the appellee.

The appellee claimed that his agreement for the shipment of his hogs was made with said George W. Wright, as a member of said firm of Todd & Wright, and not as an individual, in reference to a matter fairly within the scope of the co-partnership business of said firm. While, on the other hand, the appellants, Todd and Harvey Wright, claimed that the shipment of hogs belonging to other parties was never any part of the business of said firm ; that they had nothing whatever to do with, and had no interest in, the shipment of appellee's hogs ; and that the appellee's shipment of his

hogs was merely a private venture of the said George W. Wright, on his own account, under an agreement between him and the appellee.

With this statement of the facts of this case, and of the nature of the controversy between the parties, we proceed now to the consideration of the alleged errors complained of, in argument, by the appellants' counsel. Of these errors, the seventh and eighth are merely causes for a new trial, and therefore, as this court has often decided, they were not properly assigned here as independent errors. *Freeze* v. *De Puy*, 57 Ind. 188; *Walls* v. *The Anderson, etc., R. R. Co.*, 60 Ind. 56. If these supposed errors were not assigned by the appellants as causes for a new trial, in their motion therefor addressed to the trial court, their assignment here as errors would present no question for the decision of this court; and if they were, as they seem to have been, assigned as causes for a new trial, in such motion therefor, then the only proper assignment of error here was the decision of the court in overruling such motion. The ninth alleged error, namely, the overruling of the motion for a new trial, is properly assigned; and this error brings before this court any question fairly presented to the circuit court by any of the causes assigned for such new trial, in the motion therefor.

We are of the opinion that the evidence in the record fairly tended to sustain the verdict of the jury on every material point. It showed very clearly, as it seems to us, that the firm of Todd & Wright had been engaged in business, at the town of Lagro, for several years prior to the transaction between them and the appellee, which constituted the basis of this suit, one branch of their co-partnership business being the shipment of live fat hogs to a market, and that the appellant George W. Wright was the active member of the firm in the transaction of this branch of their joint business. The evidence further showed that the agreement between the said George W. Wright and the appellee, in relation to the shipment of the latter's hogs by Todd & Wright,

was fairly within the scope of the business of said firm. On behalf of the appellants it is claimed, however, that the shipment of hogs belonging to other parties, for reward or pay, was not a part of the co-partnership business, but that the firm limited this branch of their business to the shipment of hogs purchased and owned by the firm. But it is not claimed or pretended that the appellee had any notice or knowledge of this limitation in the business of the firm. It was fairly shown by the evidence in the record, that the other members of the firm of Todd & Wright were fully cognizant of the terms of the agreement between said George W. Wright and the appellee, in regard to the shipment of the latter's hogs, at and before the time such agreement was made, and at and before the time of the delivery of appellee's hogs thereunder to the firm of Todd & Wright.

The appellants' counsel insist that the trial court erred in its refusal to give the jury the second instruction, asked by the appellants, in substance, as follows:

"2. In determining what comes within the scope of the partnership business, when there is a doubt about it, the rule which determines it rests upon the necessity of the case. If there was no express agreement amongst the members of the firm of Todd & Wright to ship hogs on commission or for hire, Wright would not be authorized to bind the partnership in a contract of that kind, unless it is shown that there was an absolute necessity for such a contract of shipment."

The court did not err in refusing to give the jury this instruction. It was not the law, and certainly not as applicable to the case at bar. Whether or not the appellee's agreement with said George W. Wright, of the firm of Todd & Wright, for the shipment of his hogs by said firm to a market, was within the scope of the partnership business, was a question, which did not depend in any manner for its proper solution, "upon the necessity of the case," and certainly the appellee was not required to show "an absolute necessity for such a contract," in order to bind the firm to

Todd *et al. v.* Jackson.

the performance of the contract. The agreement in suit was in relation to a matter fairly within the general scope of the partnership business of the firm, as the same appeared to be conducted by them, and was made by the appellee with that member of the firm who seemed to be in charge of that branch of their co-partnership business. It seems to us, that such an agreement so made must be held to be binding on the firm of Todd & Wright, in the absence of any evidence tending to show that the appellee had notice or knowledge that the contract was not, as it appeared to be, within the scope of the business of said firm.

The appellants' counsel also claim that the court erred in refusing to give the jury the fifth and sixth instructions asked by the appellants. We have carefully examined these instructions, and have reached the conclusion that no error was committed by the court in its refusal to give them, or either of them, to the jury trying the cause; for these two instructions were each of them wholly inapplicable to the case made by the pleadings and evidence; and, therefore, we think that we need not set out or comment upon these instructions in this opinion. The case seems to us to have been fairly tried and correctly decided in the court below, and indeed the appellants' counsel have made no complaint, in argument, of any of the instructions given the jury by the circuit court. As was said by this court in this case, when it was here before, we again say, that, by forming a co-partnership with said George W. Wright, the other members of the firm of Todd & Wright declared to the world that they were satisfied with his good faith and integrity, and impliedly undertook to be responsible for what he should do, within the general scope of the business of said co-partnership. It can not be doubted that the appellee was induced by and through the said co-partnership, to make the said agreement for the shipment of his hogs. Nor can it be doubted that, when the appellee's hogs had been sold on account of the firm of Todd & Wright, the proceeds of such sale were paid

over to said George W. Wright, not as an individual, but solely as a member of said firm. To such a case, it seems to us, the doctrine is clearly applicable that, where one of two innocent persons must suffer by the act of a third person, he shall suffer who has been the cause or occasion of the confidence and credit reposed in such third person. Story Partnership, sec. 104, *et seq.; Jackson* v. *Todd, supra.*

The court committed no error, we think, in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the appellants' costs.