No. 7895.

## BEGIEN v. FREEMAN.

DECEDENTS' ESTATES.—*Executor or Administrator.—Right to Sue.*—Generally, the executor or administrator of a decedent alone can maintain an action for the recovery of a debt due or owing to such decedent at his death.

SAME.—*Intestate—No Debts and No Administration.—Heirs May Sue.*—Heirs at law of an intestate may sue where such intestate left no debts to be paid, and there was no administration.

SAME.—*Widow as Sole Heir—Promissory Note Acquired by Descent.*—An intestate's widow, being his sole heir, may sue upon a promissory note payable to him, which came to her by descent.

From the Madison Circuit Court.

*J. H. McConnell* and *J. W. Sansberry*, for appellant.
*H. D. Thompson*, for appellee.

HOWK, C. J.—This was a suit by the appellee, against the appellant, upon a note and mortgage, executed by the latter

to one Nolly Walden, since deceased, and inherited by the appellee as the widow and sole heir at law of said decedent. The cause was put at issue and tried by a jury, and a verdict was returned for the appellee for the amount due on the note of principal and interest, and for an attorney's fee. The appellant's motion for a new trial having been overruled, and his exception saved to such ruling, the court rendered judgment on the verdict.

The first error complained of by the appellant is the decision of the circuit court in overruling his demurrer to the appellee's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action. In her complaint, after stating that the appellant had executed the note and mortgage in suit, to Nolly Walden, the appellee further alleged that afterward, on the — day of ———, 187–, the said Nolly Walden died, leaving the appellee as his widow and sole heir at law ; that there had not been any administration of said decedent's estate ; that he had died, leaving no claims or debts outstanding against him or his estate ; and that the said note came legally into her hands by descent from her said husband. Upon these allegations, the question for our decision is this : Are these facts sufficient to show a cause of action in the appellee upon the note and mortgage in suit? The general rule is, that the executor or administrator of a decedent alone can maintain an action for the recovery of a debt due or owing to such decedent, at the time of his death. *Ferguson* v. *Barnes*, 58 Ind. 169.

But, as an exception to this general rule, it has been repeatedly held by this court, that the heirs at law of an intestate may sue for a debt owing to such decedent, at the time of his death, where such decedent left no debts to be paid, and there was no administration of his estate. *Moore* v. *The Board*, etc., 59 Ind. 516 ; *Westerfield* v. *Spencer*, 61 Ind. 339 ; *Church* v. *The Grand Rapids*, etc., *R. R. Co.*, 70 Ind. 161.

But it is claimed that the complaint in the case at bar was insufficient on the demurrer thereto, because it was not alleged therein that Nolly Walden had died intestate. It is true, that the complaint does not in terms allege the intestacy of Nolly Walden at the time of his death. It seems to us, however, that the facts averred on this point show, with sufficient clearness and certainty, that, as to the note in suit, Nolly Walden did die intestate, for the appellee alleged that she was the widow and sole heir at law of said decedent, and that the note came legally to her by descent from her said husband. These facts, by necessary implication, entirely exclude the idea of Walden's testacy, at least to the note in suit; and, in connection with the other facts alleged, they show a *prima facie* title in the appellee to the note, sufficient, we think, to enable her to maintain an action thereon for the recovery of the money. The court did not err in overruling the demurrer to the complaint.

The only other error assigned by the appellant is the decision of the trial court in overruling his motion for a new trial. It is claimed by the appellant's counsel, in argument, that the verdict of the jury was not sustained by sufficient evidence. Our examination of the evidence, as it appears in the record, has led us to the conclusion that this point is not well taken. It is true that the evidence is not very full or satisfactory, but we can not say that it did not fairly tend to sustain the material averments of appellee's complaint. From the facts proven, and the inferences which the jury might have legitimately drawn from such facts, they were fully justified in returning a verdict for the appellee; and, in such a case, the verdict ought not to be disturbed on the weight of the evidence. Counsel also complain of the action of the court, in refusing to give an instruction at the appellant's request; but the record shows that the substance of the instruction asked was given the jury by the court of its own motion and in its own language. The court's

refusal to give the instruction asked for, even if erroneous, was therefore a harmless error and would not authorize the reversal of the judgment.

Finally, it is insisted by appellant's counsel, that the damages assessed by the jury, in their verdict, were excessive in the sum of $29 over the amount due on the note. But it seems to us, from our computation of the amount due the appellee under the evidence, that the error of the jury, in assessing the damages, was in favor of the appellant and against the appellee. The motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellant's costs.