Smith *v.* Smith.

---

No. 8420.

SMITH *v.* SMITH.

CONSTITUTIONAL LAW.—*Superior Court of Vanderburgh County.*—The ju-risdiction of the Superior Court of Vanderburgh county is less than that of the circuit court, and is therefore inferior to the latter.  The Legis-lature has the power to establish such courts.

PRACTICE.—*Supreme Court.*—*Change of Venue.*—Unless the motion and af-fidavit for a change of venue are made a part of the record by a bill of exceptions, the ruling thereon will not be considered by the Su-preme Court.

WITNESS.—*Husband and Wife.*—*Divorce.*—*Evidence.*—By the act of March 15th, 1879, Acts 1879, p. 245, the wife is a competent witness in an action by her for a divorce, to testify as to her husband's habits of intoxica-tion and his treatment of her, and in relation to her conduct as his wife.

PRACTICE.—*Alimony.*—*Supreme Court.*—Unless objection to a verdict on account of excessive alimony is made in the trial court, either as a cause for a new trial or by motion to reduce the amount, such objection will not be considered in the Supreme Court.

From the Vanderburgh Superior Court.

*R. A. Hill*, for appellant.

NEWCOMB, C.—This is an appeal from a judgment of divorce and alimony.   The errors properly assigned are:

1.  That the Superior Court of Vanderburgh County had not jurisdiction of the cause, said court having been established in violation of the first section of article 7 of the constitution.

2.  That the court erred in overruling appellant's motion for a new trial.

Some of the causes for a new trial have been improperly assigned as errors, but they will be noticed in considering the second assignment.

The section of the constitution referred to is as follows: "The judicial power of the State shall be vested in a supreme court, in circuit courts, and in such inferior courts as the General Assembly may establish."

The act creating the Superior Court of Vanderburgh County limits its jurisdiction to civil causes. Acts 1877, Reg. Sess., p. 52. Its jurisdiction is less than that of the circuit court, and it is therefore inferior to the latter.   That the Legislature may establish other courts, and confer upon them some of the powers of circuit courts, is no longer an open question.   *Combs* v. *The State*, 26 Ind. 98 ; *Anderson* v. *The State*, 28 Ind. 22 ; *Clem* v. *The State*, 33 Ind. 418 ; *Vickery* v. *Chase*, 50 Ind. 461 ; *Ex Parte Wiley*, 39 Ind. 546 ; *Cropsey* v. *Henderson*, 63 Ind. 268 ; *Guetig* v. *The State*, 66 Ind. 94.

Of the causes for a new trial, the first and sixth are not referred to in the brief of appellant, and are therefore considered as waived.

The second cause was the overruling of a demurrer to the complaint; and the third, the sustaining of a demurrer to the second paragraph of the answer. These were not grounds for a new trial. They might have been assigned here as errors, but are not. We may remark, however, that the complaint was sufficient, and that the answer demurred to was defective, because, while it assumed to answer the entire complaint, it left unanswered the charges of cruel treatment of the plaintiff.

The fourth cause was, "That the court erred in refusing the defendant a change of venue upon the motion and affidavit, in writing, of the defendant, as to the bias and prejudice of the judge before whom said cause was pending." This motion was not made a part of the record by a bill of exceptions; it, therefore, can not be considered. Buskirk's Practice, 143; *Farnsworth* v. *Coquillard's Adm'r*, 22 Ind. 453; *Horton* v. *Wilson*, 25 Ind. 316.

The fifth cause was, that the court permitted the plaintiff to testify as a witness in her own behalf. By the act of March 15th, 1879, husband and wives are made competent witnesses for and against each other, except in actions by the husband for the seduction of the wife, and except as to communications made to each other during the marriage.

The testimony of the plaintiff related to her conduct as the wife of the defendant, and to his habits of intoxication and his abusive treatment of her. There was no error in admitting this testimony. *Brown* v. *Norton*, 67 Ind. 424; *Hutchason* v. *The State*, 67 Ind. 449.

The remaining causes were, that the verdict was not sustained by, and was contrary to, the evidence.

There was suffcient evidence of cruel treatment to sustain the verdict.

The appellant complains, in his brief, that the alimony awarded by the verdict was more than was warranted by the facts proved and the financial ability of the defendant.

But this was not embraced in the causes for a new trial, nor was any motion made below to reduce the amount; consequently the question is not before us. *Rout* v. *Menifee*, 59 Ind. 525; *Bradley* v. *Bradley*, 45 Ind. 67; *Barnes* v. *Roemer*, 39 Ind. 589; *Rosenbaum* v. *McThomas*, 34 Ind. 331.

The judgment below should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of the appellant.