No. 7334.

## ROBERTS ET AL. *v.* PORTER ET AL.

REPLEVIN.—*Pleading.—Complaint.—Verdict.—Defects Cured.*—A complaint in replevin, which alleges that the defendants unlawfully and wrongfully took from the plaintiffs, and converted to their own use, the following described personal property, etc., shows with sufficient certainty, at least after verdict, that the property was taken without leave and had not been returned.

SAME.—*Competency of Witnesses.—Husband and Wife.—Practice.*—In an action of replevin, for the recovery of the husband's personal property, his wife was not a competent witness as to matters for or against him, under the provisions of section 2 of the act of March 11th,1867, defining who shall be competent witnesses.

From the Huntington Circuit Court.

*B. F. Ibach,* for appellants.

*J. C. Branyan* and *C. W. Watkins,* for appellees.

HOWK, J.—The appellees sued the appellants to recover damages for the alleged unlawful and wrongful taking and conversion to their own use of certain personal property, particularly described and of the total value of two hundred and fourteen dollars. The appellants answered by a general denial of the complaint. The issues joined were tried by a jury, and a verdict was returned for the appellees, assessing their damages in the sum of one hundred and seventy-five dollars, and the court rendered judgment on the verdict.

The appellants have assigned the following errors:

1. The complaint does not state facts sufficient to constitute a cause of action; and,

2. The court erred in overruling their motion for a new trial.

In discussing the question of the sufficiency of the complaint, the appellants' counsel says: "The complaint is insufficient, for the reason that there is no allegation that the goods were taken without leave and that the same had not been returned." It was alleged in the complaint that the appellants, "on the 9th day of March, 1878, unlawfully and

wrongfully took from the plaintiffs, and converted to their own use, the following described personal property," etc. These allegations were sufficient, at least after verdict, to show that the property had been taken without leave and had not been returned. The appellants did not demur to the complaint, and its sufficiency is called in question for the first time in this court. There are many cases in which this court has held that objections to a complaint, which would have been considered as well taken if they had been presented by demurrer, were regarded as obviated and cured by the subsequent trial and verdict. *Donellan* v. *Hardy,* 57 Ind. 393; *Scott* v. *Zartman,* 61 Ind. 328; *Galvin* v. *Woollen,* 66 Ind. 464; *Smith* v. *Freeman,* 71 Ind. 85; *The Indianapolis, etc., Railroad Co.* v. *McCaffery,* 72 Ind. 294. Conceding, without deciding, in the case at bar, that the appellants' objections to the complaint, if they had been presented by a demurrer for the want of facts, would have been well taken, we are of the opinion that they were obviated and cured by the verdict.

The first cause for a new trial assigned by the appellants, in their motion therefor, was as follows:

" 1st. The court erred in admitting in evidence, over the objections of defendants, the testimony of Martha J. Porter, the wife of James S. Porter, which evidence consisted of what these defendants had done, in taking the property set out in the complaint, and what they had done when a previous levy was made, when the said property was set off to her as the property of her husband."

It appears from the bill of exceptions, which is properly in the record, that, on the trial of the cause, the appellees introduced Martha J. Porter, as a witness in their behalf, who testified as follows: "I am the wife of my co-plaintiff. The property described in the complaint belongs to my husband." Over the objections and exceptions of the appellants, she was then allowed by the court to testify at length to the merits of the cause. The trial of this cause, in the circuit court, took

place in April, 1878. At that time the law of this State on the subject of the competency of witnesses was the act of March 11th, 1867, " defining who shall be competent witnesses in any court or judicial proceeding in this State," etc. 2 R. S. 1876, p. 132. In section 2 of said act it was provided, among other things, that " husband and wife as to matters for or against each other, or as to communications made to each other during marriage, except that the wife shall be a competent witness in cases of prosecution against the husband for assault and battery upon the person of his wife, and except also that in suits by the husband and wife jointly for an assault and battery upon the wife, such wife shall be a competent witness to prove the assault and battery ; * * * * * shall not in any case be competent witnesses," etc. It is very clear that the case at bar does not come within the exceptions in this statute, and therefore it follows that the appellee Martha J. Porter was not a competent witness on the trial of this cause. *Stanley* v. *Schultz*, 47 Ind. 217.

It is claimed, however, by appellees' counsel, as we understand their argument, that Martha J. Porter was a competent witness for the appellees under and by force of the provisions of section 2 of the act of March 11th, 1861, amendatory of the act of March 5th, 1859, supplemental to the exemption law of February 17th, 1852. In this section 2, it was provided " That in any case where the execution defendant is absent from this State the wife of said defendant may make out the schedule required in this act, and verify the same by her affidavit, and the said schedule, when so made and delivered to the officer holding the writ, shall entitle the wife to claim and hold for her husband the amount of property which by law is exempt from execution." Acts of 1861, p. 120. This section does not in terms, or by any fair implication, as it seems to us, make the wife a competent witness, either for or against her husband, in any suit brought by him for the unlawful taking or wrongful conversion of such exempted property. But, if it could be said that, under said section 2,

the wife could be a competent witness, either for or against her husband, in any such suit as the one now before us, it is certain, we think, that after the enactment of the above mentioned act of March 11th, 1867, defining who should be competent witnesses, the wife was not a competent witness, either for or against her husband, in any such action. For, in section 3 of the last mentioned act, it was provided that "All laws and parts of laws now in force and in conflict with the provisions of this act are hereby repealed." 2 R. S. 1876, p. 135.

We are of the opinion, therefore, that the court erred in admitting in evidence, over the appellants' objections, the testimony of Martha J. Porter, a witness for the appellees, and that for this error of law, occurring at the trial and excepted to, a new trial ought to have been granted.

We may properly remark, that, under section 275 of the civil code of 1881 (Acts of 1881, p. 289), it would seem that Martha J. Porter would now be a competent witness for the appellees in this case. R. S. 1881, p. 93, section 497; *Brown v. Norton*, 67 Ind. 424; *Hutchason v. The State*, 67 Ind. 449.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the motion for a new trial and for further proceedings in accordance with this opinion.