No. 8966.

RAMSEY ET AL. *v.* THE RUSHVILLE AND MILROY GRAVEL
ROAD COMPANY.

SUPREME COURT.—*Practice.*—*Assignment of Errors.*—Matters constituting causes for a new trial do not constitute proper assignments of error, and, if assigned as independent errors, present no question for the decision of the Supreme Court.

NEGLIGENCE.—*Injuries to Person.*—*Contributory Negligence.*—*Question of Fact.*—In a suit against a gravel road company to recover damages for injuries to the plaintiff, resulting, as alleged, from obstructions in, and the bad repair of, the defendant's road, the question as to whether or not the plaintiff's negligence contributed to the alleged injuries, is a question of fact, and, as such, is properly left to the jury.

SAME.—*Obstructions in Roadway.*—*Evidence.*—In such a suit, where the plaintiff's injuries were received by the overturning of his buggy, caused, as claimed, by obstructions in the defendant's roadway, the testimony of witnesses, that in attempting to pass the same obstructions by driving around them, within a few days of the time, and at or near the same place, when and where the plaintiff's buggy was overturned, their sleighs, though driven in a careful manner, were also overturned, was outside of the issues in the case, and incompetent evidence.

SAME.—*Necessary Deviation.*—*Ordinary Care.*—If the travelled portion of the roadway is obstructed or dangerous, making it necessary for a traveller to deviate therefrom, he must use ordinary care in making such deviation; for, in the absence of such care, the road corporation will not be liable for injuries sustained by reason of the obstruction. Ordinary care would prevent a traveller, in deviating from the roadway to avoid an obstruction, from driving upon ground so sideling as to appear dangerous to a prudent man.

From the Rush Circuit Court.

*C. Cambern, J. J. Spann* and —— *Thomas,* for appellants.
*B. L. Smith, W. A. Cullen* and *G. B. Sleeth,* for appellee.

HOWK, J.—In this case, the appellants sued the appellee in a complaint of a single paragraph, in substance, as follows:

"Ann M. Ramsey and Eugenius Ramsey, who is the husband of said Ann M., plaintiffs, complain of the Rushville and Milroy Gravel Road Company, defendant, and say the defendant is a corporation organized under an act authorizing the construction of plank, macadamized and gravel roads, ap-

proved May 12th, 1852, and the amendments thereto, and as such was the owner of a gravel road leading from Rushville to Milroy in said county, which was used and travelled as a public highway, and on which defendant collected toll for such travel; that on the 14th day of January, 1879, the defendant permitted said road to get out of repair, and permitted the same to remain out of repair and travel obstructed for more than three weeks by permitting snow and ice to accumulate thereon, and form a drift four feet in depth and seventy-five yards in length, extending the entire width of the travelled portion of said road; that said defendant suffered said obstruction to remain on said road for three weeks as aforesaid, although it had full notice of the condition of said road, and of its condition on said 14th day of January, 1879; that on the 14th day of January, 1879, the plaintiffs were driving in a buggy along said road; that when they came to said obstruction they were compelled to drive around the same in order to avoid it and in order to proceed on their journey; and in so attempting to pass said obstruction plaintiffs' buggy was overturned and they were thrown violently on the ground, whereby said Ann M. sustained great and serious injury in having her collar-bone broken, and in being otherwise badly bruised; that said plaintiffs were wholly ignorant of the condition of said road, and said injuries were not the result of any negligence on the part of plaintiffs, or either of them, but wholly of the negligence of the defendant in permitting said road to become and remain obstructed as aforesaid. Plaintiffs further say that said Ann M. has been confined to her bed by reason of said injuries for more than two weeks, and has suffered great bodily and mental pain therefrom. Wherefore plaintiffs say they have sustained damages in the sum of three thousand dollars, for which they demand judgment, and for all other proper relief."

The appellee answered by a general denial of the complaint. The issues joined were tried by a jury, and a general verdict was returned for the appellee. The appellants' motion for a

new trial having been overruled, and their exceptions saved to such ruling, the court rendered judgment for the appellee on the general verdict, for its costs, and that the appellants take nothing by their suit herein.

The only error properly assigned by the appellants, in this court, is the decision of the circuit court in overruling their motion for a new trial. They have also assigned as errors several matters which would have constituted proper causes for a new trial, in the motion therefor addressed to the court below; but they are improperly assigned as errors in this court. It is well settled that such assignments of error will present no questions for the decision of this court. *Freeze* v. *DePuy,* 57 Ind. 188; *Walls* v. *The Anderson, etc., R. R. Co.,* 60 Ind. 56; *Todd* v. *Jackson,* 75 Ind. 272.

The evidence in the record, we think, fairly sustains the allegations of the appellants' complaint, in regard to the appellee's ownership of the gravel road described therein, the use of and travel over said road as a public highway, and the exaction and collection of toll by the appellee, for such use and travel. The evidence also tended to show, that on the 14th day of January, 1879, the appellee's road was, and had been for about three weeks prior to that day, seriously obstructed and out of repair, by reason of a heavy accumulation of drifted snow and ice, in and upon its roadway; that, on the day named, the appellants were travelling on and over the appellee's road in a buggy drawn by a single horse, and that in attempting to pass the obstruction in the appellee's road, by driving around it, the appellants' buggy was overturned, and they were violently thrown upon the ground, and by means thereof the appellant Ann M. Ramsey was injured as alleged in the complaint.

On the trial of the cause in the circuit court, the turning point of the controversy was upon the issue joined on the allegation of the complaint, that the injuries of Ann M. Ramsey "were not the result of any negligence on the part of plaintiffs, or either of them, but wholly of the negligence of

the defendant in permitting said road to become and remain obstructed as aforesaid." It was claimed by the appellee, that the appellants contributed by their own negligence to the injuries complained of. There was evidence introduced on the trial which tended to show contributory negligence on the part of the appellants, but, on this point, the evidence was conflicting. The court of its own motion instructed the jury upon this point, in substance, that if they should find from the evidence that the conduct of the appellants, or of either of them, contributed to the accident, they must find for the appellee; and the question as to whether the appellants, or either of them, were or were not guilty of contributory negligence, the court left to the jury as a question of fact. In *The Louisville, etc., R. W. Co.* v. *Richardson*, 66 Ind. 43, this court approved of the following instruction, which had been given the jury by the trial court, upon the point now under consideration: "Also, I leave it to you as a question of fact, whether there was negligence in the plaintiff, that invited or contributed to the injury complained of." See, also, *Gagg* v. *Vetter*, 41 Ind. 228. In the case at bar, we are of the opinion, that the court did not err in leaving to the jury the question as to whether the negligence of the appellants, or of either of them, did or did not contribute to the injuries of Ann M. Ramsey, as a question of fact.

It is claimed by the appellants, that the court erred in excluding from the jury the testimony of two witnesses, produced by them. By each of these witnesses the appellants offered to prove, that, within a few days of the day on which the appellants' buggy was overturned, he, the witness, was driving a sleigh over the appellee's road, and that, in attempting to pass the same obstruction in the road mentioned in the complaint, by driving around it, and while driving in a careful manner, his sleigh was overturned at or near the same place where the appellants' buggy was overturned. This offered evidence was outside of and foreign to the issues in this cause, and, as it seems to us, was clearly incompetent. The appellee's

objection to the evidence, on this ground, was well taken and correctly sustained, and the evidence was properly excluded.

At the request of the appellee, the court gave the jury trying the cause, the following instruction :

"1st. If by the action of the elements (snow and wind), and without any fault of the corporation, its officers or agents, a snow bank was formed on the line of the defendant's road three or four feet in depth and forty rods long, and the plaintiff, while travelling upon said road, came to it and undertook to pass over it and through it, and sustained injuries in so doing, then the corporation would be liable, provided it was shown to be an obstruction, and the company had knowledge of it, or it had remained a sufficient length of time to imply a knowledge of it; but if the evidence shows that when the plaintiffs came to it, they did not attempt to pass over it or through it, but of their own choice attempted to drive around it, and in so doing drove upon a piece of ground so sideling as would appear to a prudent man dangerous, and thus upset their buggy, thereby sustaining the injuries complained of, the plaintiffs could not recover."

The appellants' counsel earnestly insist that the concluding sentence of this instruction is not the law, and is in direct conflict with the authorities. In support of their position on this point, counsel have referred us to Wharton on Negligence, section 997 ; but an examination of that section will show very clearly, we think, that it treats of a subject-matter so widely different from the one presented in the case now before us, that it can not be regarded as an authority in point. In section 968, of Wharton on Negligence, it is impliedly declared, that if the travelled portion of the highway is obstructed or dangerous, making it necessary for a traveller to deviate therefrom, he must, in so doing, use ordinary care, for, if in so deviating he does not use such care, the road corporation will not be liable for injuries sustained by reason of such obstruction. Ordinary care would prevent a traveller, in deviating from a highway to avoid an obstruction therein, from driving

upon a piece of ground so sideling as would appear dangerous to a prudent man. This is substantially what the court told the jury, in the concluding sentence of the instruction quoted, and it seems to be the law.

The verdict of the jury was fairly sustained by the evidence, on every material point, and it was not contrary to law.

Upon the whole case, our conclusion is that the court committed no error in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the appellants' costs.