No. 10,350.

COOPER ET AL. *v.* COCKRUM, ADMINISTRATOR.

VENDOR AND VENDEE.—*Conveyance.—Fraud.—Election.—Trust.—Descents.—Heirs.—Complaint.—Arrest of Judgment.*—Where one is induced by fraud to take a conveyance of lands which he purchases, to another, he may elect to treat the transaction as creating a trust for his benefit, but if he do not, while living, so elect, his heirs can not, as no estate in the land was vested in him to pass by descent, and, in such case, a complaint by the heirs which does not aver that there was no administration and no debts of the decedent, is bad on motion in arrest of judgment.

From the Gibson Circuit Court.

*D. D. Doughty* and *C. A. Buskirk,* for appellants.

BEST, C.—The appellants, Mary Cooper, Nancy Martin, Mahala Peacock, Dorcas J. Aldridge and Malinda B. Boyd brought this action against the appellee, executor of the last will and testament of Margaret Sullivan, deceased, alleging in their complaint that the said Margaret died in 1878 the owner of certain real estate in Gibson county ; that said Margaret was the wife of Samuel Sullivan, who died intestate in 1877 ; that said Samuel was of unsound mind for twenty years before his death ; and that the purchase-money of said real estate was paid out of his individual property ; that by fraud and undue influence said Margaret, during said time, procured the deeds to said realty to be made to her ; that the appellants are children of said Samuel by a former marriage, and that Munroe, Rosetta and Riley Sullivan are children of said marriage ; that said Margaret devised said lands to said

Munroe, Rosetta and Riley, and that the appellee, who has been appointed executor, etc., has sold the same for $3,-000, which he is required to distribute to said last named children; that appellants are entitled to the five-twelfths of said money, for which they demand judgment.

An issue was formed, a trial had, and a verdict returned for the appellants. A motion in arrest of judgment was sustained, and this ruling is assigned as error.

The appellee has not filed a brief, and, hence, we are not advised by him what view the court adopted in sustaining the motion in arrest. The appellants say that the motion was sustained on the ground that the action could alone be maintained by the administrator of said Samuel. They insist that this is wrong, and maintain that, inasmuch as the purchase-money was paid by said Samuel, he was the equitable owner of said land; that at his death it descended to his heirs, and upon its sale by the executor the money for which it sold stands for the land, and may be recovered by the heirs. Authorities are cited to show that lands equitably owned descend to the heirs of the *cestui que trust,* and upon a sale of them by the trustee, or his representative, the money received for them may be recovered by such heirs. There seems to be no trouble in reaching the conclusion that the proceeds of lands thus held and disposed of may be recovered by the heirs of the *cestui que trust,* but the difficulty in this case lies in the assumption that these lands were thus held. They were purchased and paid for by means belonging to said Samuel while he was a person of unsound mind. These facts, however, did not necessarily constitute him the equitable owner of the land. Assuming that such relation existed between him and his wife as enabled him to claim the benefit of the purchase, still he was not compelled so to do, and he can not be regarded as the equitable owner unless an election has been made to hold the land itself rather than to retain a claim for the means invested in it. As said Samuel was of unsound mind during life, he did not and could not make an election,

and the question arises whether his heirs can make the election; if not, they can not maintain this action for the reasons hereinafter given. The appellants have not furnished us any authority in support of their right to do so, and we know of none. In the absence of authority it would seem, upon principle, that they possess no such right, as the exercise of it would deprive the personal representative of a claim that would otherwise belong to such person. As between the heirs and the personal representative the nature of the estate must be determined by the facts in existence at the time of said Samuel's death, and unless they constituted him the equitable owner of the land, the heirs can not so treat him and thus change the nature of the estate. As said Samuel made no election to claim the land, and his heirs can not, we think he can not be regarded as the equitable owner of it, and, hence, that they can not claim the proceeds of it as against the personal representative. In *Earl of Winchelsea* v. *Norcliffe*, 1 Vernon, 434, the trustees of an infant's estate invested his personal property in land and took title in their own name for the benefit of such infant. After the infant's death, during minority, the question arose as to whether his heirs were entitled to the land or his administrator to the money invested in it. The court held that the heirs were not entitled, saying that the infant, had he attained full age, had an election to claim the land, but as an election was not made, one can not be made by his heirs.

In *Awdley* v. *Awdley*, 2 Vernon, 192, the committees of a lunatic invested his personal property in land, and took a conveyance in the lunatic's name, and, after his death, the question arose as to whether his estate went to the next of kin, as personal estate, or to the heirs at law. The court held that the heirs were not entitled to the estate, saying that if the lunatic had been restored he had the right to elect to take the land; but as no election was made the estate must be regarded as personal, and go to the next of kin.

These cases are analogous in principle, and are decisive

of the question that the heirs can not make the election in question, and, therefore, said Samuel can not be regarded as the equitable owner of said land at the time of his death. As said Samuel can not be regarded as the owner of said land, this action can not be maintained by the appellants as heirs of said decedent, whether the facts stated show a claim in favor of said estate against the appellee, or show that the proceeds of said land belong to said estate as personal property, for the reason that it is not averred that there was no administration upon such estate, no debts, etc. In the absence of such averments a complaint by the heirs to recover a claim due the estate is insufficient. *Begien* v. *Freeman,* 75 Ind. 398, and authorities cited. Such complaint is bad on motion in arrest, as no intendment can supply such omitted averments. For these reasons the motion in arrest was properly sustained, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at appellants' costs.