Williams *et al. v.* Riley *et al.*

---

No. 10,077.

## WILLIAMS ET AL. *v.* RILEY ET AL.

SUPREME COURT.—*New Trial.—Instruction.—Assignments of Error.*—Error of law occurring at the trial, in giving the jury erroneous instructions, is cause for a new trial, in the court below, and its assignment as error in the Supreme Court is not proper, and presents no question for decision.

SAME.—The assignment of errors constitutes the appellant's complaint in the Supreme Court, and no question will be considered or decided which is not properly presented by the assignment of errors.

DECEDENTS' ESTATES.—*Suit by Heirs on Chose in Action Belonging to Estate.*— Where a party dies intestate, without debts to be paid, and no administration is had upon his estate, his heirs may maintain an action for the recovery of debts due or owing the decedent at the time of his death.

SAME.—*Complaint.—Evidence.— Widow.*—In an action by the heirs at law of a decedent, upon a promissory note payable to him, the complaint must

allege every fact necessary to give the heirs a right of action and to show that they are entitled to the money; and where it appears that the decedent left a widow, and the complaint avers that she had relinquished her claim to the $500, allowed her by law as such widow, this averment is material, and must be sustained by sufficient evidence.

SAME.—*Suit by Heirs on Promissory Note Payable to their Intestate.—Party.— Witness.*—In such a suit, under section 499, R. S. 1881, neither party to the suit is a competent witness as to any matter which occurred prior to the death of the ancestor.

HUSBAND AND WIFE.—*Witness.—Statute Construed.* — Under the *sixth* clause of section 497, construed in connection with section 496, R. S. 1881, husband and wife are competent witnesses for or against each other, *except* as to communications made to each other.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown,* for appellants.

HOWK, C. J.—This suit was commenced by Jonas Riley, "for the use of the heirs of Andrew Riley, deceased," against the appellants, before a justice of the peace of Henry county. The cause of action filed with the justice was a promissory note for $180, dated December 12th, 1874, executed by the appellants, and payable twelve months after date, to Andrew Riley, with interest at ten per cent., and with several credits endorsed thereon. Afterwards all the heirs of Andrew Riley, deceased, were made plaintiffs, and the trial of the cause before the justice resulted in a verdict and judgment for the appellees.

On appeal to the court below an amended complaint was filed, making all the heirs at law of Andrew Riley, deceased, parties plaintiffs; wherein, after alleging the execution of such note and making a copy thereof a part of such complaint, the appellees averred in substance that afterwards, on the — day of ————, 188–, the said Andrew Riley departed this life intestate, at Henry county; that the appellee, Alice, as his widow, and the other appellees, as his children, were the only heirs at law of such decedent; that there were no debts against the estate of such decedent, and the appellee, Alice, as his widow, relinquished all her claim to $500, under the statute; that no administrator had ever been appointed of such decedent's

estate; and that there was then due, on the note in suit, the sum of $100. Wherefore, etc.

Before the trial of the cause in the circuit court a supplemental complaint was filed, suggesting the death of the widow, Alice Riley, and averring that she had died intestate, at Henry county, leaving no debts, that appellees were her only heirs at law of her estate, and that no administrator of her estate had been appointed. Wherefore, etc.

The cause was tried by a jury, and a verdict was returned for appellees, assessing their damages in the sum of $70.82, and judgment was rendered accordingly. Appellants' motion for a new trial having been .overruled by the court, and an exception saved to such ruling, they have appealed from the judgment rendered to this court, and have properly assigned as error here, the overruling of their motion for a new trial. They also assigned as error the action of the court in giving the jury certain instructions. This action of the court, if erroneous, was an error of law occurring at the trial, and as such it ought to have been assigned as cause for a new trial, in appellants' motion therefor. It was not properly assigned here as an independent error; and, as thus assigned, as we have often decided, it presented no question for our decision. *Freeze* v. *DePuy*, 57 Ind. 188; *Todd* v. *Jackson*, 75 Ind. 272; *Ramsey* v. *Rushville, etc., G. R. Co.*, 81 Ind. 394.

The first question discussed by the appellants' counsel in their brief of this cause, is the sufficiency of the facts stated in appellees' complaint to constitute a cause of action. It is not shown by the record of this cause that the sufficiency of the complaint was called in question in the circuit court by a demurrer thereto, or by a motion in arrest of judgment, or in any other manner; and, certainly, the question is not presented here by any assignment of error. The question is not before us, therefore, and is neither considered nor decided. In section 655, R. S. 1881, it is provided that "No pleadings shall be required in the Supreme Court upon an appeal, but a specific assignment of all errors relied upon, to be entered on the

transcript in matters of law only." Commenting on a similar provision, in section 568 of the civil code of 1852, in *Hutts* v. *Hutts*, 62 Ind. 214, this court said: "This assignment of errors constitutes the appellant's complaint in this court, and to it alone is the appellee required to answer. It is the foundation of the appellant's proceedings for review in this court, and we can not consider nor decide any question which is not fairly presented by the assignment of errors."

The chief question for decision in the case at bar is presented by the rulings of the court in relation to the competency of certain persons as witnesses, which rulings, as alleged errors of law, were assigned by the appellants as causes for a new trial in their motion therefor. It is shown by a bill of exceptions, properly in the record, that, over the objections and exceptions of the appellants, the court permitted John Riley, one of the appellees, to testify as a witness on the trial of the cause. It is also shown that the trial court, on the appellees' objection, refused to allow William P. Williams, one of the appellants, or Mary Williams, the wife of the appellant John Williams, to testify as a witness on behalf of the appellants. We have no brief from the appellees, or their counsel, in support of these rulings of the trial court, and we are indebted to the brief of the appellants' counsel for all the information we have in relation to the grounds of those rulings.

The cause was tried in the circuit court, on the 15th day of December, 1881. At that time the act of April 7th, 1881, "concerning proceedings in civil cases," containing, *inter alia*, provisions in relation to the competency of witnesses, which took effect on the 19th day of September, 1881, was the law of this State governing the questions we are now required to decide. In section 496, R. S. 1881, it is declared that "All persons, whether parties to or interested in the suit, shall be competent witnesses in a civil action or proceeding, except as herein otherwise provided." In section 497, R. S. 1881, a number of exceptions are stated to the general rule,

declared in the preceding section 496, none of which are applicable to any of the questions in this case unless it be the "*Sixth*. Husband and wife, as to communications made to each other." The only other section which seems to be applicable to the case in hand is section 499, R. S. 1881, wherein it is provided as follows:

"In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor."

It has been held by this court in a number of cases that, where a party dies intestate, without debts to be paid, and no administration is had upon his estate, his heirs at law may maintain an action for the recovery of a debt due or owing to such decedent at the time of his death. *Schneider* v. *Piessner*, 54 Ind. 524; *Ferguson* v. *Barnes*, 58 Ind. 169; *Moore* v. *Board, etc.*, 59 Ind. 516; *Westerfield* v. *Spencer*, 61 Ind. 339; *Begien* v. *Freeman*, 75 Ind. 398. But where the heirs of the creditor sue for the recovery of the debt, the complaint must aver every fact necessary to give them a right of action, and must show by its averments that the heirs suing are entitled to the money. We need hardly add that the truth of these necessary facts must be shown by sufficient evidence.

We think the evidence in this case does not show that the heirs at law of Andrew Riley, deceased, at the commencement of this suit had a right of action upon the note sued on, or were entitled to the money evidenced thereby. Only one of the decedent's heirs testified on the trial, and the substance of his evidence was that he did not know of any debts against his father's estate. But the other evidence in the record showed that the estate of Andrew Riley, at the time of his death, was in debt, and was still in debt at the time of the trial of this cause. Besides, there was no evidence introduced

tending to prove the material fact alleged in the complaint, that the decedent's widow, Alice Riley, had relinquished her claim to the $500 which the statute allowed her as such widow. In *Schneider* v. *Piessner, supra,* it was said: "An affirmative averment, either that there was no widow left, or that she had received or relinquished the amount due her under the law, was just as essential to the complaint as an averment that there were no debts to be paid or no administration had." In the case at bar it was incumbent on the appellees to prove that the decedent's widow, Alice Riley, had relinquished as alleged the amount due her under the statute, notwithstanding her death before the final trial of the cause, for the purpose of showing that they had a right of action upon the note sued on, and were entitled to the money evidenced thereby, at the time this suit was commenced.

Passing this point, we will briefly consider the rulings of the court in relation to the competency of certain witnesses, complained of as erroneous by the appellants' counsel. We may premise that the appellants' defence to the action, which they endeavored to maintain by evidence, was the payment in full of the note in suit to the payee thereof, Andrew Riley, in his lifetime. The parol evidence introduced on the trial tended to sustain their defence, and the principal fact in conflict with such evidence was the possession of the note by the appellees, the payee's heirs at law. Appellants' counsel insist that the court erred in permitting one of the appellees to testify in relation to matters which occurred before the death of the payee of the note. This testimony was objected to by the appellants, upon the ground of its irrelevancy and immateriality, and not because the witness was incompetent to testify in relation to matters which occurred prior to the death of his ancestor. The competency of the appellee, as such witness, is not presented for decision by the record of this cause. It seems to us, however, that the case at bar comes fairly within the purview and meaning of section 499, above

quoted, and that, under its provisions, no party to the suit, plaintiff or defendant, was a competent witness as to any matter which occurred prior to the death of the payee of the note in suit.

Mary Williams was produced and sworn, as a witness, on behalf of the appellants, and having testified that she was the wife of one of the appellants, and the appellees having objected to her as incompetent, the appellants offered to prove by the witness that she was present when the note in suit was paid off or about so. The court sustained the appellees' objections to the competency of the witness, and excluded the offered evidence. This was clearly erroneous. Husband and wife are no longer incompetent witnesses for or against each other, except that neither of them is allowed to testify in relation to a communication made by the other. *Brown* v. *Norton*, 67 Ind. 424; *Hutchason* v. *State*, 67 Ind. 449; *Smith* v. *Smith*, 77 Ind. 80; *Roberts* v. *Porter*, 78 Ind. 130. It will be observed that in this case the appellants did not offer to prove by the wife any communication made to her by her husband.

We are of opinion that the court erred in overruling the appellants' motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.