Orr v. Miller.

No. 11,369.

ORR v. MILLER.

PLEADING.—Clerical Error.—Mistake in Date.—Complaint.—Demurrer.—A mere mistake in stating the date of the facts constituting the plaintiff's cause of action, which is palpably a clerical error, will not render the complaint bad on demurrer, if it be otherwise good.

HABEAS CORPUS.—Jury Trial.—Consolidation with Civil Action.—A Habeas corpus proceeding is triable by the court and not by a jury, but the consolidation of such a proceeding with a civil action will not deprive the plaintiff in such action of his constitutional right to a trial of his cause by a jury.

SAME.—Verdict.—Venire de Novo.—Judgment.—In such case, the plaintiff in the habeas corpus proceeding is not entitled to judgment, notwithstanding the verdict, nor to a venire de novo, merely because the jury fail to find whether or not he was lawfully restrained of his liberty.

HUSBAND AND WIFE.—Communications.—Competency of Witness.—Under the sixth clause of section 497, R. S. 1881, husband and wife are not competent witnesses, as to communications made to each other.

EVIDENCE.—It is error to admit irrelevant and immateral evidence which has a tendency to mislead the jury, and arouse their prejudices against a party to the cause.

From the Whitley Circuit Court.

T. R. Marshall and W. F. McNagny, for appellant.

W. Olds and C. B. Tulley, for appellee.

HOWK, J.—This was a suit by the appellee to recover the value of "absolute necessaries," alleged to have been "furnished, done and performed" by him to and for the appellant's wife and child. With his complaint the appellee also filed an affidavit and undertaking, whereon an order was issued for the arrest of the appellant, and he was arrested accordingly. Afterwards, upon the appellant's verified petition, a writ of habeas corpus was issued in his behalf. Afterwards, in the habeas corpus proceeding, an entry was made to the effect that "by agreement of parties, No. 562, Solomon Miller v. Levi Orr, is consolidated with this cause, and it is agreed by the parties that they shall both be tried together." In the original cause, the appellant's demurrer to the com-

plaint having been overruled, he answered by a general denial both the complaint and the affidavit filed therewith for the order of arrest. The consolidated cause being at issue, it is stated in an order-book entry, copied in the record, that " the defendant Levi Orr now demands that the cause be submitted for trial to the court, to which Solomon Miller objects, which objection is, by the court, on due consideration, sustained, to which ruling the defendant excepts, and for trial hereof comes the following jury, to wit," etc. Afterwards the jury returned into court the following verdict: " We, the jury, find for the plaintiff against the defendant on the complaint, and assess his damages at $80, and for the plaintiff against the defendant upon the affidavit for arrest in this cause, and that, upon the 16th day of June, 1883, the defendant was about to leave the State of Indiana, taking with him $35 in money and a watch, subject to execution, which should have been applied to the payment of the plaintiff's claim, with the intent to defraud the plaintiff." Over the appellant's motions for a *venire de novo* and for a new trial, judgment was rendered in accordance with the verdict.

In this court the appellant has assigned the following errors:

1. Error of the court in submitting the consolidated cause as an entirety to the jury;

2. Error of the court in swearing the jury generally to try the consolidated cause;

3. Error of the court in overruling appellant's motion for judgment in his favor in the *habeas corpus* proceedings, notwithstanding the verdict;

4. Error of the court in overruling the motion for a *venire de novo;* and,

5. Error of the court in overruling the motion for a new trial.

The appellant has also assigned as errors the decisions of the court in the original cause in overruling his motion to quash the affidavit for the order of arrest, and in overruling his demurrer to the complaint of the appellee Solomon Miller.

Appellant's counsel first complain in argument of the over-

ruling of the demurrer for the want of facts to the complaint in the original cause.

In his complaint the appellee Miller alleged that the appellant Orr was indebted to him in the sum of $115.70 for board, care and clothing of appellant's wife and child from the 22d day of September, 1882, to June 16th, 1883, thirty-seven weeks and five days' board of wife, and thirty-three weeks and three days' board of his child during that time; that the appellant's wife and his child were sick a part of said time, and the appellee cared for and supported, and clothed and fed them, and furnished board and medicine, and paid the doctor's bills thereof, an itemized bill of which was filed with and incorporated in such complaint; that each and every item therein, so furnished, done and performed, were absolute necessaries for the wife and child of the appellant; that, on the — day of September, 1883, the appellant, without the fault of his wife, wickedly and wilfully abandoned her, who was then with child, and wholly refused to support, maintain, keep, protect or in any way provide for her; that shortly afterwards appellant's wife gave birth to his child, which child he also refused, neglected and failed to provide for, or to provide a doctor for; that, after such abandonment by appellant of his wife, and at her instance and request, the appellee furnished and provided for her, and kept, boarded and cared for her, and each item thereof was absolutely necessary for her keeping, and proper for her and her child in their station in life; that the appellant had then and since money and property, and should have cared for his wife and child, and failed so to do; and that said account was due the appellee for such keeping, care, board, clothing, medicines and medical attendance, and wholly unpaid. Wherefore, etc.

The entire argument of the appellant's counsel, in regard to the alleged insufficiency of the complaint in the original case, is based upon the fact that, while the appellee sues therein to recover the value of certain necessaries furnished by him to and for the use of the appellant's wife and child

between the 22d day of September, 1882, and the 16th day of June, 1883, he has averred and charged that the appellant abandoned his wife, then with child, on the — day of September, 1883. But this last date, so far as the year is concerned, was clearly a clerical error on the part of the draftsman of the complaint. This is shown by the fact, disclosed by the record, that this action was commenced on the 18th day of June, 1883, more than two months prior to "the — day of September, 1883." The averment in the complaint, in relation to the appellant's abandonment of his wife, is an averment of what he had theretofore done, and *not* of what he might, would or could do, more than two months thereafter. It is clear from the complaint itself, and from the bill of particulars filed therewith, and from other matters apparent in the record, that the appellee intended to allege that appellant abandoned his wife on "the — day of September, 1882," and that the use of the figures 1883, instead of 1882, was a mere clerical mistake on the part of his attorneys in preparing the complaint. We are of opinion, therefore, that in determining the question of the sufficiency of the complaint, it should be read and construed as if it alleged, as the appellee manifestly intended to allege, that the appellant abandoned his wife in September, 1882. Thus read and construed, the complaint was sufficient, and the demurrer thereto was correctly overruled.

The next error of which appellant complains, in the argument of his counsel, is the alleged error of the court in submitting the consolidated cause, as an entirety, to a jury for trial. Of this error, his counsel say : " Orr demands trial of the *habeas corpus* proceedings by the court. Miller demands a jury. A jury is called and sworn generally to try the cause, and a true verdict render according to the law and the evidence. To this Orr objects and excepts. The jury returns a general verdict." Counsel cite us to certain order-book entries, in the record of this cause, to sustain their statement of what transpired at the commencement of the trial.

A *habeas corpus* proceeding is not a civil action, within the

meaning of section 20 of the bill of rights in our State Constitution, and therefore it has been held by this court, that " such proceeding had to be tried by the court, and not by a jury." *Garner* v. *Gordon,* 41 Ind. 92. *Baker* v. *Gordon,* 23 Ind. 204.

But, in the case in hand, the bill of exceptions, which to us imports absolute verity, contains a version of the preliminary proceedings on the trial, which differs somewhat from the statement thereof in the order-book entries above referred to. The bill of exceptions, which is entitled in the original cause, shows " that when this cause came on for trial, and cause *Levi Orr* v. *Franklin P. Allwein* and *Solomon Miller,* having been consolidated with this cause, the said Solomon Miller demanded a jury, when and whereupon the defendant objected and excepted to a jury being called, and said consolidated cause being submitted to them, for the reason that cause *Orr* v. *Allwein et al.* was an application for the writ of *habeas corpus* to discharge said Levi Orr from the custody of said Allwein, as sheriff, who held him upon the affidavit of arrest filed in this cause; that the court overruled said objection and called a jury to try said causes, and had them generally sworn to well and truly try the matters in issue and a true verdict render according to the law and the evidence, to all of which the defendant objected and excepted at the time," etc.

It will be seen from this statement in the bill of exceptions, that when the consolidated cause was called for trial, the appellee demanded a trial by jury. He had the constitutional right to such a trial of the issues joined in his suit against the appellant; and we do not think that he lost or waived such right, by merely agreeing that his suit might be consolidated with appellant's *habeas corpus* proceeding, and that the two cases should be tried together. The bill of exceptions shows that the appellant objected vigorously to the appellee's demand for a trial by jury; but it wholly fails to show that the appellant Orr demanded the trial of his *habeas*

*corpus* proceeding by the court. The verdict of the jury, heretofore copied in this opinion, shows by its terms that they made no finding of any fact outside of the matters in issue in appellee's civil suit against the appellant. They did not find nor attempt to find, nor were they required to find, whether or not the appellant was lawfully in the custody of the sheriff, which was the only question for decision in the *habeas corpus* proceeding. It is true that this latter question, substantially, was involved in the issue joined upon the affidavit filed for the appellant's arrest, in the original cause, and had to be and was passed upon and decided in the verdict of the jury, upon that issue and in that case. The facts stated in the affidavit were found by the jury, and adjudged by the court to be true; and from this finding and judgment it followed of necessity that the court should further adjudge, "that the defendant was legally detained by virtue of the writ of *capias ad respondendum* herein." We are of opinion, therefore, that the error, of which complaint is made, is not shown by the record; but, if it were, it would afford the appellant no sufficient ground for demanding at our hands the reversal of the judgment of which he complains.

Appellant's counsel next complain, in argument, of the alleged error of the court in overruling the motion for judgment in appellant's favor in the *habeas corpus* proceeding, notwithstanding the verdict. There was no error in this decision. When the court found and adjudged that the facts stated in the affidavit, upon which the order of arrest was issued and the appellant arrested, were true, he could not be entitled to a judgment for his discharge from such arrest, in his *habeas corpus* proceeding, notwithstanding the verdict. Nor do we think there is any error in the decision of the court overruling the appellant's motion for a *venire de novo*. It is claimed by his counsel, that the verdict was defective and imperfect, because the jury did not find in express terms whether or not the appellant was lawfully in custody, under the order of arrest. This was a legal conclusion, which it

Orr *v.* Miller.

was not the province of the jury to find, and surely the verdict is not defective or imperfect, because it omits to find a mere conclusion of law. The jury found that the facts existed which authorized the appellant's arrest and detention; and it was for the court to say and adjudge, as it did, upon those facts, that the appellant was lawfully in custody, under such arrest.

The overruling of his motion for a new trial is the next error of which appellant complains in his brief of this cause. In this motion seventeen causes were assigned for such new trial. Of these we will consider and pass upon such as the appellant's counsel have discussed in argument, in the same order in which counsel have presented them. The fourth cause for a new trial was the alleged error of the court in permitting the appellee to testify on the trial as to the extent of appellant's property six months before the first item, in the account sued on, had accrued, and fifteen months before this suit was commenced. The record shows that the appellee was asked, as a witness, this question: "How much property had Levi?" Appellant objected to this question, on the ground that it was "incompetent, irrelevant and immaterial;" but the objection was overruled, and the witness answered, "$700, more or less." We can see no error in the admission of this evidence. One of the questions in issue in the cause was whether or not the appellant, when the suit was brought, was about to leave the State, taking with him property subject to execution. The amount of appellant's property, therefore, was a proper subject of inquiry on the trial, and the evidence objected to was competent, relevant and material.

The fifth cause for a new trial was the alleged error of the court in admitting in evidence the appellee's statement that appellant had not told him he had provided a place for his wife. It is shown by the bill of exceptions that the appellee, as a witness on the trial, was asked this question: "Did Levi Orr tell you he had provided a place for his wife?" The question was objected to by the appellant, "for the reasons

that it was leading, incompetent, irrelevant, immaterial, and for the further reason that the law did not impose upon Levi Orr the duty of hunting up his father-in-law and telling him he had provided a place for his wife, and for the further reason that said question did not pretend to be addressed to any conversation had with the defendant." The court overruled appellant's objection, and the witness answered " No, sir." The appellant's counsel vigorously attack the ruling of the court in the admission of this negative evidence, upon the ground, chiefly, as we understand them, that it was no part of the appellant's duty to inform the father of his wife that he had provided a place for her. Counsel quote and rely upon the language of Chancellor Kent (2 Kent Com. 147), to the effect that "All persons supplying the food, lodging, and raiment of a married woman living separate from her husband are bound to make inquiries, and they give credit at their peril." *Oinson* v. *Heritage,* 45 Ind. 73. Doubtless this is the law, but we fail to see its application to the case in hand, as made by the pleadings or evidence, or to the error we are now considering. The evidence objected to was of little importance, and there was no available error in its admission.

The seventh cause for a new trial was error at the trial in permitting appellee to testify that the appellant and his wife would have been welcomed at his house. The most that can be said against this evidence is that it was irrelevant and immaterial. It could not harm the appellee, and even if it were erroneously admitted, the error would not authorize the reversal of the judgment.

The eighth cause for a new trial was error of law occurring at the trial in permitting Ellen Orr, as appellee's witness, to testify that after the appellant left this State his father, John Orr, refused to let her have her things. The bill of exceptions shows that the witness Ellen Orr was the appellant's wife and the appellee's daughter, and that, on her direct examination by the appellee, she testified as follows: " I sent Rezin Orr to John Orr, father of the defendant, for some of

our things that had been left there, a bed, a wardrobe, etc."
Appellee then asked the witness the following question:
" What word did Rezin Orr bring you back ? " To this ques-
tion appellant objected, for the reason " that it was incom-
petent, irrelevant and immaterial, and was an attempt to
prejudice the defendant by the acts and statements of his
father, made in his absence." The court overruled the ob-
jection, and the witness answered: " He told me that John
Orr wouldn't let me have my things." We are of opinion that
the court clearly erred in the admission of this evidence. It
is not claimed or pretended that the act or statement of John
Orr, of which the witness testified, was made or done by the
authority, or with the knowledge or consent, of the appellant.
The refusal of John Orr to let the witness have her things,
which the evidence objected to tended to prove, was wholly
foreign to the questions in issue between the appellee and the
appellant, and could not have any proper or legitimate bear-
ing upon the correct decision of those questions. It seems
to us that the manifest tendency of the evidence quoted was
to mislead the jury, direct their minds into improper chan-
nels, excite and enlist their sympathies in favor of the appel-
lee, the father of the witness, and arouse their prejudices
against the appellant on account of the seemingly unkind re-
fusal of his father to let the witness have her things. The
evidence ought to have been excluded. *Barnett* v. *Leonard,*
66 Ind. 422.

While the appellant's wife was on the stand, as a witness
for appellee, she testified further, as follows: " I wrote him
(appellant) six letters while he was in Kansas; I identify the
letters you hand me as being four of them." The bill of ex-
ceptions then proceeds as follows: "And thereupon, as part
of the direct examination of the said Ellen Orr, the plaintiff
offered in evidence the four letters above referred to, and the
defendant then and there objected to the reading of said let-
ters to the jury, as a part of the direct examination, for the
reasons that they were incompetent, irrelevant and immate-

rial; that they were mere confidential communications between the husband and wife, and that they were so remote from the issue as to not show the state of the witness's feelings." The court overruled the objections, and the letters were read in evidence to the jury as a part of the direct examination of the witness.

The court clearly erred, we think, in permitting these letters to be read in evidence. They were the communications of the wife made to the husband, and were incompetent under the statute. Section 497, R. S. 1881; *Brown* v. *Norton,* 67 Ind. 424; *Perry* v. *Randall,* 83 Ind. 143. The statute now in force expressly declares that " Husband and wife, as to communications made to each other," shall not be competent witnesses. Section 497.

Other errors of law occurring at the trial were assigned by appellant as causes for a new trial, and are complained of here, but as these may not occur again on a new trial of this action, we need not now consider them. For the reasons given the court erred, we think, in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.

Filed Nov. 24, 1884.