*In re* Application of AMOS D. PALMER for writ of HABEAS CORPUS.

PROVIDENCE—JUNE 14, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1) *Insane Persons. Habeas Corpus. Jury Trial.*

Gen. Laws cap. 82, § 19, providing that upon application by any insane person for the writ of *habeas corpus*, it shall be the duty of the court to inquire as to the sanity or insanity or the necessity of restraint of the person confined, and if it shall appear to the court necessary and proper, it may in its discretion direct an issue or issues touching the sanity or insanity or the necessity for the restraint of the person confined to be framed and submitted to a jury:—

*Held*, that the statute contemplated the existence of some special cause as ground for a jury trial, and in the absence of any such cause the procedure would follow the ordinary course in *habeas corpus* cases.

PETITION for *habeas corpus*. Heard on prayer of petitioner, a lunatic, that case be submitted to a jury, and denied.

TILLINGHAST, J.   This is a petition for a writ of *habeas corpus*, by Amos D. Palmer, who is now confined in the Butler Hospital for the Insane.

The petitioner sets forth that he is restrained of his liberty in said hospital, under and by virtue of an order of commitment issued by the governor of the State under the provision of Gen. Laws R. I. cap. 82, § 22. This statute is as follows:

"Whenever, on the trial of any person upon an indictment, the accused shall set up in defence thereto his insanity, the jury, if they acquit such person upon such ground, shall state that they have so acquitted him; and if the going at large of the person so acquitted shall be deemed by the court dangerous to the public peace, the court shall certify its opinion to that effect to the governor, who, upon the receipt of such certificate, may make provision for the maintenance and support of the person so acquitted, and cause such person to be removed to the state asylum for the insane, or other institution for the insane either within or without this state, during the continuance of such insanity, and shall draw his orders on the general treasurer, from time to time, to defray the expenses thereof."

The petitioner further sets out that he is not a person dangerous either to the public or to himself, and that there is no longer any necessity for his restraint nor any lawful cause therefor.

He therefore prays that said writ may issue, and that the subject of the necessity of his further restraint may, in the discretion of the court, be inquired into and determined by a jury, and that he may be released and discharged from said hospital.

The order of the governor, above referred to, is to the effect that Amos D. Palmer having been acquitted of the charge of murder on the 10th day of June, 1899, upon an indictment charging him with the murder of Addie M. Palmer, in Cranston, in said State, and the jury on the trial of said indictment hav-

ing returned a verdict of not guilty by reason of insanity of him the said Amos D. Palmer, and the court before whom he was tried having certified its opinion to the governor that the going at large of said Palmer is dangerous to the public safety, he was directed to be remanded to said Butler Hospital in accordance with the statute above quoted.

Citation based upon said petition having issued to said Butler Hospital on May 25th, 1904, to show cause why the writ should not issue as prayed, and the case having been assigned for trial for October 17th, 1904, the only question now before us is whether the question of the necessity of the petitioner's further restraint shall be inquired into and determined by a jury, or whether it shall be inquired into and determined by the court.

(1) The petitioner shows no cause why the court should not hear and determine the question raised, and we find nothing in the facts submitted which makes it "necessary or proper" to direct an issue to a jury touching the necessity for the further restraint of the petitioner. In other words, nothing appears which moves the court to exercise the discretion conferred upon it in such cases, and hence the procedure should follow the ordinary course in *habeas corpus* cases. See Hurd on Habeas Corpus, Chap. 5, § 1, *Baker* v. *Gordon*, 23 Ind. 204.

We think the statute in question, Gen. Laws cap. 82, § 19, contemplates the existence of some special cause as ground for a jury trial in cases of this sort, and that in the absence of any such cause the ordinary course will be pursued.

The prayer of the petitioner that the case may be submitted to a jury is therefore denied.

*Charles A. Wilson and Geo. H. Huddy, Jr.,* for petitioner.
*Charles F. Stearns, Attorney-General,* for State.