## BARRY v. WHITE.
### No. 5677.

Court of Appeals of the District of Columbia.
Argued March 6, 1933.
Decided April 3, 1933.

Foster Wood, of Washington, D. C., for appellant.

Leo A. Rover and Charles B. Murray, both of Washington, for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal is taken from an order of the Supreme Court of the District of Columbia, dismissing the petition of appellant for a writ of habeas corpus and remanding him to the custody of the superintendent of St. Elizabeths Hospital for the Insane.

In the year 1923 the appellant was brought to trial in the Supreme Court of the District of Columbia on an indictment charging him with murder in the first degree. His defense was insanity, and the jury returned a verdict of not guilty by reason of insanity. In accordance with the provisions of section 374 of title 6, D. C. Code 1929, the court certified the verdict to the Secretary of the Interior, and by his order the appellant was committed to St. Elizabeths Hospital on December 27, 1923. On March 11, 1925, the appellant sought his release on habeas corpus on the ground that he had recovered his mental health. The case was heard by the court, and it was found that the appellant was still of unsound mind, and he was remanded to the hospital. On April 8, 1927, the petitioner again applied for release on habeas corpus on the same grounds. His application, however, was denied. The present case was brought by the appellant for the same purpose. The case was heard by the court upon evidence, and an order was entered quashing the writ and remanding the appellant to the hospital. This appeal was brought for a review of that order.

The appellant presents two assignments of error for the consideration of the court in this appeal: First, he contends that the lower court erred in overruling his demand for a jury to pass upon the issues involved; and, second, in finding upon the evidence that the petitioner was of unsound mind and remanding him to the custody of the superintendent of St. Elizabeths Hospital.

The first question accordingly presented by the appellant is whether it was error for the lower court to refuse to impanel a jury to pass upon the appellant's petition. In answer to this we may say that a review of the authorities is convincing that, whereas the court was entitled to call a jury to hear the evidence and render an advisory verdict, it was not error for the court to refuse to call a jury to function in the case.

In section 206, title 24, D. C. Code, 1929, it is provided: "On the return of the writ of habeas corpus and the production of the person detained the court or justice shall immediately inquire into the legality and propriety of such confinement or detention, and if it shall appear that such person is detained without legal warrant or authority, he shall immediately be released or discharged; or if the court or justice shall deem his detention to be lawful and proper, he shall be remanded to the same custody, or, in a proper case, admitted to bail, if he be confined on a charge of a bailable criminal offense; and if he be bailed, the court or justice shall require a sufficient bond or recognizance to answer in the proper court, and transmit the same to said court."

It will be noted that this provision makes no mention of a jury, but speaks of the court or justice as passing upon the petition.

In Church on Habeas Corpus, § 173, p. 223, it is said: "A trial by jury cannot be demanded by a prisoner or respondent in a habeas corpus proceeding as a matter of right. Might as well a trial in a preliminary examination, or in chancery, by jury be demanded. There is no provision in the constitution of the United States, neither is there in any of the state constitutions, which gives the right to have these issues of fact tried by a jury in such proceedings. * * * But the court or judge sitting on the return to a writ of habeas corpus may, in its discretion, order any controverted fact in the matter to be tried by a jury. This power may be exercised, but it is not the practice to do so, and it has met with little favor."

In the case of In re Neagle, 135 U. S. 1, 10 S. Ct. 658, 672, 34 L. Ed. 55, Neagle, who was in the custody of the California state officers, was released on habeas corpus by the Circuit Court of the United States for the Northern District of California, and the officers of the state of California appealed from this order to the Supreme Court of the United States. In the opinion of the court, written by Mr. Justice Miller, it is said: "The circuit court of the United States was as competent to ascertain these facts as

any other tribunal, and it was not at all necessary that a jury should be impaneled to render a verdict on them."

In the case of Nobles v. Georgia, 168 U. S. 398, 18 S. Ct. 87, 42 L. Ed. 515, in which the defendant had been convicted of murder and sentenced, and then raised the question of his sanity, the court held: "That it was not necessary, in order to constitute due process of law, that the question so raised should be presented to a jury."

In the case of People ex rel. Peabody v. Chanler, 133 App. Div. 159, 117 N. Y. S. 322, 332, Mr. Justice Rich in his separate concurring opinion said: "I am unable to find any authority under which Thaw was entitled to have the question of fact as to his sanity or insanity tried by the jury as a matter of right."

In Edwin E. Graves' Case, 236 Mass. 493, 128 N. E. 867, 871, which was a habeas corpus proceeding growing out of an interstate extradition case, the court said, in part: "Trial by jury in habeas corpus has never been allowed in this Commonwealth, so far as we are aware. Such proceeding would be contrary to the essential nature of that writ, which is to determine forthwith the right of a person to his liberty. The great weight of authority is against the allowance of such trial."

Cf. Orr v. Miller, 98 Ind. 436; Turner v. Hendryx, 86 Or. 590, 605, 167 P. 1019, 169 P. 109; In re Amos D. Palmer, 26 R. I. 222, 58 A. 660.

In the case of Pittman v. Byars, 51 Tex. Civ. App. 83, 112 S. W. 102, it is held that, in a proceeding by habeas corpus to determine the right to the custody of a minor, the issues are to be determined by the court, and a demand for a trial by jury is properly refused. The constitutional guaranty of trial by jury preserves such right only as it existed by common law or by statute prior to the adoption of the Constitution, and does not extend it to the trial of issues the determination of which had been theretofore by the court alone, as on hearings of habeas corpus.

The second assignment of error is that the court erred in its finding of fact upon the testimony. It is claimed by appellant that the great weight of the evidence tends to prove that he had become of sound mind since his commitment.

In our opinion the testimony does not lead to the conclusion that the appellant has recovered his sanity since the homicide. The record contains the testimony of a number of witnesses, including five experts in mental diseases who have examined the appellant and testify that he is now of sound mind. On the other hand, the respondent, who has had a great experience in the observation of such cases, reports that the appellant has not recovered his sanity and should not be set at large. His report is sustained by the testimony of several medical experts who are of the opinion that the appellant should in the public interest remain an inmate of the asylum. The lower court heard all the testimony, saw the witnesses, and heard and saw the appellant, who became a witness in his own behalf, and we think that this court should be slow to reverse its finding upon the evidence. Moreover, the situation in this case is well described by the opinion in the case of People v. Lamb (Sup.) 118 N. Y. S. 389, 392, which reads in part as follows: "The second of the four prior determinations was the verdict of the jury upon the second murder trial acquitting the prisoner upon the ground of insanity. It seems plain that such verdict must be regarded here as res adjudicata between the people and any of their representatives acting in their interest, and the prisoner here, to the effect that he was, at the time of the commission of the homicide, insane to the degree that he did not then know the nature and quality of the homicidal act he was committing, or did not know that such act was wrong. It seems equally clear that the natural presumption of fact follows that such condition of insanity has continued to the present time. The effect of such presumption is to cast upon the prisoner here the burden of proving that since the commission of the homicide he has become sane to the degree that it is reasonably certain that his enlargement now will be without menace to the public peace or safety. Where insanity has gone so far as actually to take human life, no sensible person will be satisfied with evidence of recovery which does not attain to the degree of reasonable certainty."

We are satisfied from a consideration of the record that the public safety and the welfare of the appellant will both be conserved by the retention of the appellant in the asylum for further observation and training. The order of the lower court is therefore affirmed, with costs.

Mr. Justice HITZ took no part in the decision of this case.