ORENCIA v. OVERHOLSER.

No. 9456.

United States Court of Appeals
District of Columbia.

Argued May 27, 1947.

Decided Aug. 11, 1947.

Mr. Frederick De Joseph, of Washington, D. C., for appellant.

Mr. Oliver O. Dibble, Assistant United States Attorney, of Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Sidney S. Sachs, Assistant United States Attorney, both of Washington, D.C., were on the brief, for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTY-MAN, Associate Justices.

· WILBUR K. MILLER, Associate Justice.

By this appeal Mrs. Mary Orencia asks us to reverse an order of the District Court of the United States for the District of Columbia discharging a writ of

habeas corpus which had been issued pursuant to her petition.

Her first application for a writ of habeas corpus was filed on April 3, 1945, based on the ground that she had been restored to mental health. The writ was granted and a hearing was had on June 11, 1945, following which the District Court discharged the writ and remanded Mrs. Orencia to the custody of the respondent, the superintendent of St. Elizabeths Hospital. She again petitioned for habeas corpus on September 30, 1946. Having issued the writ, the District Court heard evidence and then discharged it, and again remanded the appellant to the hospital. She appeals.

On February 12, 1944, the appellant, who had become the mother of six children by the time she was twenty-three years of age, killed her three-year old daughter. A few days later she was indicted for second degree murder. At her trial in November, 1944, there was evidence that Mrs. Orencia was suffering from an epileptic psychosis, one of the symptoms of which is the occurrence of periods of amnesia. The jury's verdict of "Not guilty by reason of insanity" was certified by the District Court to the Federal Security Administrator, as required by § 24—301, District of Columbia Code (1940). Pursuant to that certification, the Administrator on November 27, 1944, committed the appellant to St. Elizabeths Hospital, an institution for the insane, where she is now confined.

The appellant charges that her original commitment to St. Elizabeths Hospital was wrongfully ordered by the District Court, instead of by the Federal Security Administrator. The record shows, however, that the commitment was in fact properly authorized by the Administrator.

Next she asserts that she could not be lawfully committed to an asylum for the insane except pursuant to a judgment entered after an inquiry directed solely to the question of her mental condition. Her point seems to be that she could not legally be committed as an insane person pursuant to the verdict of the jury in the murder trial, but that she was entitled to be tried by a jury in a proceeding devoted solely to an inquiry as to her sanity. The statute under which the court certified the jury's verdict to the Federal Security Administrator and under which she was committed refutes that contention.[1]

Moreover, we perceive no reason for a second trial by a jury as to her mental condition, when the murder jury had duly tried the same issue tendered by her. Whatever the rule in such circumstances may be in some jurisdictions, in our view we would be disregarding the statute and the dictates of common sense as well, should we hold that a defendant who has been found not guilty of murder by a jury which accepted his plea and proof of in-

[1] Section 24—301, District of Columbia Code (1940), the pertinent portion of which was as follows at the time of the appellant's trial and commitment: "When any person tried upon an indictment or information for an offense is acquitted on the sole ground that he was insane at the time of its commission, that fact shall be set forth by the jury in their verdict; * * * if an accused person shall be acquitted by the jury solely on the ground of insanity, the court may certify the fact to the Secretary of the Interior, who may order such person to be confined in the hospital for the insane, * * *."

Notwithstanding the foregoing provision, the commitment in this case was properly issued by the Federal Security Administrator because a Congressional act transferred St. Elizabeths Hospital on June 30, 1940, from the jurisdiction of the Department of Interior to that of the Federal Security Agency. Reorg. Plan IV, eff. June 30, 1940, 5 Fed. Reg. 2422, 54 Stat. 1236. The same statute included the following, which is now part of § 211, Title 24 U.S.C.A.: "If any person, charged with crime, be found, in the court before which he is so charged, to be an insane person, such court shall certify the same to the Federal Security Administrator, who may order such person to be confined in Saint Elizabeths Hospital * * *."

It follows that § 24—301 of the District Code was amended by implication as of June 30, 1940, so as to give the power of commitment to the Federal Security Administrator instead of to the Secretary of the Interior. The District Code section was literally amended in that respect by an act of July 2, 1945, 59 Stat. 311, ch. 217.

sanity may not lawfully be committed as an insane person without a second inquest into his mental condition by another jury sworn to try that issue only.

■ That the appellant was insane at the time she killed her child is not and cannot be questioned, since it was so determined by the jury in the murder case. Barry v. White, 62 App.D.C. 69, 64 F.2d 707. Such insanity is presumed to continue, and, when Mrs. Orencia sought release by habeas corpus, she could succeed only by showing that she had been so completely restored to sanity that she could be released without danger to herself or to others. When, as in this case, insanity has been responsible for murder, the evidence must be such as to make the court reasonably certain that the patient has been restored to mental health before a discharge from custody will be justified. Barry v. White, supra.

■ In our opinion the evidence does not lead with any substantial degree of certainty to the conclusion that, since the homicide, the appellant has been cured of her mental affliction. Two psychiatrists gave it as their opinion that it would be safe to release her, but we agree with the District Court that the evidence for the respondent to the effect that Mrs. Orencia has not recovered from her malady was more convincing.

■■ Complaint is made that the court erred in permitting the appellee to testify that Mrs. Orencia had been tried for murder and had been found not guilty because of insanity, and in permitting him to say that her father and three of her brothers were epileptics, according to the evidence in the murder case. The appellant was not prejudiced by that testimony. It was held by us in Dorsey v. Gill, 80 U.S.App. D.C. 9, 148 F.2d 857, that, on a habeas corpus hearing, the court should examine the record of the proceeding in which the petitioner was committed. The court therefore judicially knew the form of the jury's verdict and had before it at the hearing of the present case the whole record of the criminal proceeding.

Having found nothing of substance in any of the grounds for reversal relied on by the appellant, we must conclude that the District Court was correct in discharging the writ and in remanding the appellant to the institution.

Affirmed.