Joseph L. **FOLLER**, Appellant

v.

Winfred **OVERHOLSER**, Superintendent, Saint Elizabeths Hospital, Appellee.

No. 16130.

United States Court of Appeals District of Columbia Circuit.

Argued March 28, 1961.

Decided May 4, 1961.

Mr. Charles W. Halleck, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., at the time of argument, and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Donald S. Smith, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, WASHINGTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from a final order of the United States District Court discharging a writ of habeas corpus and dismissing the petition for the writ. The facts may be stated briefly as follows:

On July 27, 1955, appellant was committed to St. Elizabeths Hospital after a jury had found him not guilty by reason of insanity. The charge was assault with a dangerous weapon and assault with intent to kill [his sleeping father].[1] On November 21, 1958, the Superintendent of the hospital, Dr. Winfred Overholser, appellee here, certified under oath to the District Court that appellant had recovered and "is now of sound mind and has been discharged from treatment in said hospital November 7, 1958." Appellant was thereupon released.

On September 20, 1959, appellant was indicted[2] for (1) bank robbery [18 U. S.C. § 2113(a)] and (2) being an accessory after the fact [18 U.S.C. § 3] of the bank robbery. On June 29, 1960, he was tried in the District Court. He was found not guilty of the charge of bank robbery, and not guilty by reason of insanity of the offense of being an accessory after the fact. Pursuant to § 24–301(d) D.C.Code (1951), appellant was again committed to St. Elizabeths Hospital.

Thereafter, appellant filed his petition for writ of habeas corpus, claiming to be of sound mind and eligible for release. A rule to show cause was issued and a return and answer to the petition was filed, the Superintendent of the hospital stating:

"During this petitioner's period of confinement in Saint Elizabeths Hospital, he has been under the care and observation of the respondent, as well as other members of the medical staff of Saint Elizabeths Hospital, skilled in the care, diagnosis, and treatment of nervous and mental disorders, who are of the opinion that he has not recovered from his abnormal mental condition and requires further treatment before he can be certified as not dangerous to himself or others if released into the community."

A hearing was had before Judge Hart and, after the taking of testimony and argument of counsel, the court made findings of fact and conclusions of law. The court found on satisfactory evidence, that appellant "is presently suffering from an abnormal mental condition, namely, schizophrenic reaction, chronic undifferentiated type, for which he is receiving treatment at the hospital," and further found that the Superintendent's failure to certify appellant as eligible for release was not arbitrary or capricious, and that appellant's detention was lawful. The court thereupon dismissed the petition for writ of habeas corpus, dis-

---

1. Criminal No. 267–54, U. S. District Court.

2. Criminal No. 946–59, U. S. District Court.

charged the writ, and remanded appellant to the custody of appellee.

On this appeal, court-appointed counsel argues that the mandatory confinement statute [§ 24–301(d) D.C.Code] is unconstitutional because it provides for mandatory commitment after a person is found not guilty by reason of insanity. This question is settled in this jurisdiction by our decisions in Ragsdale v. Overholser, 1960, 108 U.S.App.D.C. 308, 281 F.2d 943; O'Beirne v. Overholser, 1960, 109 U.S.App.D.C. 279, 287 F.2d 133; and Curry v. Overholser, 1960, 109 U.S.App.D.C. 283, 287 F.2d 137. And see Orencia v. Overholser, 1947, 82 U.S.App.D.C. 285, 163 F.2d 763, which preceded the statutory amendment attacked by appellant.

Counsel secondly contends that appellant's present confinement is unjustified by virtue of the fact that he is not receiving the psychiatric treatment which is supposed to justify "the confinement of persons in insane asylums who have never been found insane." We believe the evidence sufficiently demonstrates that appellant is receiving treatment.

It is further contended that the action of appellee in failing to certify that appellant is eligible for release from the hospital is arbitrary and capricious. Dr. Overholser did not testify at the hearing but Dr. Owens, a member of the staff who had appellant under charge, did testify as to appellant's abnormal mental condition and as to his treatment. As a matter of fact, Dr. Owens was called by appellant and appellee was content to rest his case on appellant's presentation. We know no reason why Dr. Overholser should be compelled to testify, although he was available for calling, had appellant desired to summon him as a witness.

We find nothing in the record to substantiate the allegation that appellee's refusal to grant the requested certification was arbitrary or capricious. The action of the District Court, in holding appellant's present detention to be lawful and directing that the petition be dismissed and the writ discharged, should be and is

Affirmed.