STATE of South Dakota upon relation of T. L. ALLEN, Petitioner and Respondent,

v.

Darrel RADACK, Superintendent, Human Services Center, Yankton, South Dakota, Defendant and Appellant.

No. 11800.

Supreme Court of South Dakota.

Nov. 12, 1976.

Laurence J. Zastrow and Ronald E. Brodowicz, Rapid City, for petitioner and respondent.

Peter H. Lieberman, Asst. Atty. Gen., Pierre, for defendant and appellant; William J. Janklow, Atty. Gen., Pierre, on the brief.

BRANDENBURG, Circuit Judge.

Petitioner was tried in Pennington County, South Dakota, on a charge of murder and his defense was a plea of "not guilty by reason of mental illness." The jury returned a verdict in accordance with the plea. The trial judge committed the petitioner to the Human Services Center in Yankton, South Dakota. Petitioner filed a petition for writ of habeas corpus in the county where the center is located. The circuit judge granted the writ and petitioner was released. The state appeals. We reverse.

There can be no question about the trial judge having the authority to commit petitioner to the Human Services Center. SDCL 23–45–21 provides:

"When a jury has returned a verdict acquitting a defendant upon the ground of mental illness, the court may thereupon, if the defendant be in custody and it

deems his discharge dangerous to the public safety, order him to be committed to a hospital for the mentally ill or to the care of such person or persons as the court may direct until he becomes sane."

The trial court ordered that petitioner "be committed forthwith to the Human Services Center at Yankton, South Dakota, for psychiatric treatment and for treatment with respect to your addiction to alcohol, and there to remain until you are no longer mentally ill or addicted to alcohol and, additionally until you are no longer a danger to yourself, to the public peace or the safety of the people of the State of South Dakota, and then only are you to be released upon a determination by a Court in this state of competent jurisdiction."

The statute above quoted does not permit confinement for alcoholic treatment. It only provides confinement of petitioner until he becomes sane if he would be dangerous to public safety. To the extent that the trial court's order exceeds the jurisdiction of the statute it is without effect. Petitioner would still be within the court's order of commitment.

The hearing on the writ of habeas corpus produced the testimony of two witnesses, both doctors at the Human Services Center. Neither had done any extensive counseling or testing of petitioner. Dr. Gannon testifying for petitioner stated that at the present time, under the present circumstances (petitioner then being confined at the Human Services Center) petitioner was not a danger to others and was sane. He further testified that if petitioner were under the influence of alcohol he could not venture an opinion as to whether or not petitioner then would be sane or a danger to others. He testified further that alcohol addiction is a behavioral disturbance.

Dr. Doyle testified that petitioner was diagnosed as an habitual, excessive drinker; that this condition is officially considered a mental disease or mental condition by the American Psychiatric Association; that there is a reasonable probability that behavior that goes on while a person is intoxicated will repeat itself if the person again becomes intoxicated; that this behavioral pattern would apply to violence against another person; that petitioner's diagnosis is unchanged; that there is an excellent chance of petitioner successfully undergoing treatment; that upon successful treatment he would be satisfied to a reasonable degree of certainty that he would no longer be an excessive drinker; that at that place and time petitioner suffered from an abnormal mental condition and was a danger to others due to the fact he was an excessive drinker and had a history of behaving violently while under the influence of alcohol.

Petitioner contends that the writ was properly granted because he does not suffer from any abnormal mental condition as would make him dangerous to himself and others. The position might be tenable if we were dealing with the normal commitment proceedings. The case at issue is not a normal commitment proceeding. The case at issue is controlled by *State ex rel. Barnes v. Behan*, 1963, 80 S.D. 370, 124 N.W.2d 179, which we decline to modify.

"An accused acquitted by reason of insanity is presumed to be insane. *Orencia v. Overholser*, 1947, 82 U.S.App.D.C. 285, 163 F.2d 763. This presumption goes beyond the familiar principle that a condition of insanity once established is presumed to continue. *Overholser v. DeMarcos*, 1945, 80 U.S.App.D.C. 91, 149 F.2d 23. The reach of SDC 1960 Supp. 34.3672 (substantially the same as our now SDCL 23–45–20) is not whether a person, engaged in the ordinary pursuits of life, is commitable to a mental institution under the laws governing civil commitments. This statute applies to an exceptional class of persons who have committed acts forbidden by law—in this case an act of violence, a homicide—and obtained a jury verdict of 'not guilty by reason of insanity' and then found by the trial judge to be dangerous to the public peace and safety if left at large. To obtain a release from the commitment, the patient must show freedom from such abnormal mental condition as would make him dangerous to himself or the community. Af-

ter such an adjudication the burden of this showing rests on him. Even where the preponderance of the evidence favors the petitioner, the doubt, if a reasonable doubt exists about danger to the public or the individual, cannot be resolved so as to risk danger to the public or the individual. A patient may have improved materially and appear to be a good prospect for restoration as a useful member of society, but, if an 'abnormal mental condition' renders him potentially dangerous, reasonable medical doubts and reasonable judicial doubts are to be resolved in favor of the public and in favor of the patient's safety. *Ragsdale v. Overholser,* 108 U.S. App.D.C. 308, 218 F.2d 943. The evidence must be such as to make the court reasonably certain the patient has been restored to mental health before a discharge from custody should be granted. *Orencia v. Overholser, supra.*"

■ Following Behan, it appears here that (1) petitioner was charged with a violent crime—murder, (2) his plea was "not guilty by reason of mental illness," (3) the jury found him "not guilty by reason of mental illness," (4) he was found by the trial court to be dangerous to the public peace and safety and was sent to the Human Services Center until he was sane, (5) the presumption is that having been found not guilty by reason of mental illness he is in fact insane and the condition is presumed to continue, and (6) the burden of proof is then upon him to prove beyond a reasonable doubt that he is restored to sanity so that he is no longer a danger to the public.

As previously indicated, this case is outside of the normal commitment procedures, but the definitions and statutes can to some extent be used as a guide. SDCL 27–1–1 provides:

"The term 'mentally ill' as used in this title includes any person whose mental condition is such that his behavior establishes one or more of the following:
(2) He lacks sufficient understanding or capacity to make responsible decisions concerning his person so as to interfere grossly with his capacity to

meet the ordinary demands of life; or
(3) He is a danger to himself or others.
\* \* \* \* \* \*"

SDCL 27–1–1.1 provides:

"Definition of terms.—Terms used in this title, unless the context plainly otherwise requires, mean:
\* \* \* \* \* \*
(4) 'Danger to others,' behavior which constitutes a danger of inflicting substantial bodily harm upon another person \* \* \*."

■ Turning our attention to the case at issue, the petitioner certainly falls in the statutory definition of "mentally ill" and "danger to others." The record amply reflects that petitioner when he has consumed an excess of alcohol, will have a likelihood of committing violent acts.

The court hearing the habeas corpus action granted the writ, stating that "addiction to alcohol was not within the contemplation of SDCL 23–45–20 and –21."

The thrust of this case is not whether addiction to alcohol is within the scope of SDCL 23–45–20 and 23–45–21. The real question in this case is whether or not petitioner has an abnormal mental condition that makes it probable that he would be a danger to himself or others. Obviously, not all alcoholics are a danger to other persons. Petitioner, however, apparently has an abnormal mental condition that when coupled with an excess of alcohol creates a propensity to commit violent crimes and makes him dangerous to society. Certainly this is an "abnormal mental condition." The trial court in committing petitioner made such a finding. Under the meager record in this case, it certainly had every right to do so, if for no other reason than the presumption that an accused acquitted by reason of insanity is in fact insane. Such presumption is a continuing one. *State ex rel. Barnes v. Behan, supra.*

A recent Minnesota case is pertinent to the present situation, albeit they have a somewhat different statute. *Warner v. State,* 1976, Minn., 244 N.W.2d 640:

"We are of the opinion and hold that a patient is improved sufficiently to be released from the hospital when there is undisputed medical evidence that she has recovered from her mental illness, that the possibility of a relapse is slight, and that there is no reason to believe the patient will suffer a reoccurrence of her prior disability so as to constitute a danger to herself or to other persons. We do not, of course, suggest that a patient may never be released where there is a disagreement in the medical testimony concerning her recovery. Under such circumstances the trier of the fact will have the duty of determining whether or not the petitioner has sustained her burden of proving she has met the standards of release set forth in the statute as construed by us. Here, however, the medical experts, with minor discrepancies, are of one mind."

■ This case is remanded to the circuit court for further testimony with the following directions:

1. The test to be applied is whether or not petitioner has an abnormal mental condition that renders him potentially dangerous to others and that all reasonable medical doubts and reasonable judicial doubts are to be resolved in favor of the public safety.

2. The burden of proof rests upon petitioner.

3. The quantum of proof is "beyond a reasonable doubt."

4. To discharge petitioner from such commitment, the burden is upon him to show beyond a reasonable doubt that if discharged he would no longer be a danger to the public.

DUNN, C. J., and WINANS, WOLLMAN and COLER, JJ., concur.

BRANDENBURG, Circuit Judge, sitting for ZASTROW, J., disqualified.